## LA PRELLE v. CESSNA AIRCRAFT CO.
### No. 3425.

United States District Court
D. Kansas, Second Division.

Aug. 1, 1949.

Wm. I. Robinson, of Adams, Jones, Robinson & Manka, Wichita, Kansas (Arnote, Arnote & Bratton, of McAlester, Oklahoma, on brief), for plaintiff.

Wm. Tinker, of Porter, McDonald & Tinker, Wichita, Kansas, for defendant.

MELLOTT, District Judge.

The present issue, raised by a motion of the defendant to strike, is whether, in a diversity case, 28 U.S.C.A. § 1332, brought by a widow to recover for the wrongful death of her husband, the lex loci or the lex fori controls. The Oklahoma statutes[1] are pleaded. They are similar to the Kansas statutes [2] in most respects, the difference important here being that under the Kansas statute "the damages cannot exceed fifteen thousand dollars" while under the Oklahoma statute there is no limitation as to the amount of recovery.

The suit is against a Kansas corporation. The plaintiff, now a citizen of Florida, formerly a citizen of Oklahoma, seeks recovery for herself and minor child in the amount of $100,000.00 for the alleged wrongful death of her husband in Oklahoma, caused by the crash of an airplane made by the defendant which, it is alleged, had been constructed in a defective manner and of weak, inferior and unsuitable material. This court has jurisdiction.

Defendant, correctly pointing out upon brief that "the doctrine of the Erie case [3] applies to cases under the diversity jurisdiction," [4] urges that "the amount of damages which may be recovered so pertains to the remedy that, when an action is brought in Kansas, the defendant is entitled to the restrictions placed upon the amount of recovery by the law of the forum." It is argued that since it is against "the public policy" of Kansas to allow more than $15,000.00 for a wrongful death, recovery of a larger amount, although permitted under the law of the state where the death was caused, should not be allowed in a Kansas court.

The chief authority relied upon by defendant is the old case of Wooden v. Western N. Y. and P. R. Co.,[5] decided by the New Court of Appeals. It has been virtually overruled in later cases [6] and has been repudiated in many jurisdictions. The general and well-established rule seems to be that the law of the place where the wrong is committed governs the right of action for death. This was the holding in Northern Pacific Railroad Co. v. Babcock,[7] on the basis of which Mr. Justice Holmes, in a later decision [8] said:—

"Therefore we may lay on one side as quite inadmissible the notion that the law of the place of the act may be resorted to so far as to show that the act was a tort, and then may be abandoned, leaving the consequences to be determined according to the accident of the place where the defendant may happen to be caught."

[1] Sections 1051–1052–1053 and 1054 of Title 12 O.S.1941.

[2] Sections 60-3201 and 60-3203, 1947 Supp. to G.S. (Kans.) 1935.

[3] Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

[4] D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp., 315 U.S. 447, 62 S. Ct. 676, 86 L.Ed. 956. Cf. Ragan v. Merchants Transfer & Warehouse Co., 69 S.Ct. 1233.

[5] 126 N.Y. 10, 26 N.E. 1050, 13 L.R.A. 458, 22 Am.St.Rep. 803.

[6] Cf. Loucks v. Standard Oil Co., 224 N.Y. 99, 120 N.E. 198.

[7] 154 U.S. 190, 14 S.Ct. 978, 38 L.Ed. 958.

[8] Slater v. Mexican National R. Co., 194 U.S. 120, 126, 24 S.Ct. 581, 583, 48 L.Ed. 900.

The Court of Appeals for this (the Tenth) Circuit has applied the same rule, pointing out in W. W. Clyde & Co. v. Dyess [9].

"* * * with rare exceptions matters relating to the right of action arising out of a tort which results in death, personal injury, or other wrong, are governed by the law of the place where the tort occurred. (Citing cases.) And ordinarily where a tort is committed in one state and recovery of damages is sought in another, the substantive rights of the parties are governed by the law of the former while questions of remedy or procedure are referable to the law of the latter. (Citing cases.)"

Defendant cites several cases in which the Supreme Court of Kansas declined to enforce statutes of other states, which were penal in nature. One is Dale v. Atchison, T. & S. F. Railroad Co.,[10] in which a statute of the Territory of New Mexico, Comp. Laws 1884, § 2308, provided that a corporation should "forfeit and pay * * * $5,000" in connection with certain deaths. The court was "constrained to hold" it would not undertake to enforce that statute because it was "penal in part, and so dissimilar in principle from the law of our own state." (See also cases cited there involving statutes of other states penal in nature). Another is Matheson v. Kansas City Ft. S. & M. Railroad Co.[11] in which a Missouri statute, Mo. R.S.A. § 3652, quite similar to the New Mexico statute, was also held to be of a penal nature and hence not enforcible in Kansas. The court pointed out in that case, however, that, "Upon the grounds of comity, a cause of action arising in one state under a statute may be asserted in another, where the latter gives the same right of action, and there is a substantial similarity in the statutes of the two states." 61 Kan. loc. cit. 668, 60 P. loc. cit. The third [12] merely held that an action in Kansas for a wrongful death occasioned in another state or territory "is encumbered with all the limitations and burdens which may have been imposed by the statutes of the state where the right of action was created." In the fourth case cited [13] the earlier three were reviewed and the court held that a plaintiff, who, by his pleading, waived any claim for exemplary damages (which could have been made under the Missouri statute) had placed himself "in the same attitude in which a party would come if the statute authorized compensatory damages only, [and] we see no reason why he may not, with as much justice and consistency, maintain his action as if the statute made no provision for other than actual damages." 87 Kan. loc. cit. 174, 123 P. loc. cit. 733.

The precise question under consideration does not seem to have been passed upon by the Supreme Court of Kansas. However, in Roseberry v. Scott [14] it quoted with approval 15 C.J. 1181, 21 C.J.S., Courts, § 545, to the effect that the courts of one state, under the principles of comity, "will enforce rights arising in other states, unless recognition thereof would be contrary to the laws or public policy of the state in which such enforcement is sought", and allowed the recovery of punitive damages on a cause of action which arose in Missouri inasmuch as such damages could have been recovered on a similar cause of action arising in Kansas. In that case section 198 from Minor on Conflict of Laws was quoted:

"With respect to punitive damages also, if the case is one for which such damages may be given in the discretion of the jury under the lex delicti, that law will govern the legal right to demand such damages in another state, unless the lex fori should expressly prohibit punitive damages, or the enforcement of the lex delicti in this respect would contravene an established policy of the forum. This is a substantive right, not a mere matter of remedy." 120 Kan. loc. cit. 580, 244 P. loc. cit. 1065.

---

[9] 126 F.2d 719; 721.

[10] 57 Kan. 601, 47 P. 521.

[11] 61 Kan. 667, 60 P. 747.

[12] Swisher v. Atchison, T. & S. F. Railway Co., 76 Kan. 97, 90 P. 812.

[13] Rochester v. Wells Fargo & Co. Express, 87 Kan. 164, 123 P. 729, 40 L.R.A., N.S., 1095.

[14] 120 Kan. 576, 244 P. 1063.

In Pool v. Day [15] it was held that the common law liability of the driver of an automobile under the law of Oklahoma—the same common law with reference to liability as existed in Kansas—would be followed, regardless of the fact that Kansas had "in addition to such, or in modification thereof, * * * the guest statute,[16] which Oklahoma does not have." 141 Kan. loc. cit. 198, 40 P.2d loc. cit. 398. The action at common law was held to be "not in violation of any positive law of our state and did not contravene our public policy, nor offend our morals or threaten injury to any public rights or the interests of our citizens in any way, and was therefore a proper case to be brought in the district courts of this state * * *." 141 Kan. loc. cit. 200, 40 P.2d loc. cit. 399.

The Kansas and Oklahoma statutes permitting recovery of damages for wrongful death are quite similar, being identical in many respects. Each allows only actual damages sustained and neither allows a penalty or forfeiture. The Kansas statute is the more liberal in allowing recovery for mental anguish, suffering or bereavement, loss of society, companionship, comfort or protection, loss of marital care, attention, advice or counsel and loss of filial and parental care. Under the Oklahoma statute recovery is limited to the financial loss sustained;[17] but there is no limitation on the amount of actual damages which may be recovered.

■ The court is of the opinion, and now holds, that an action in the courts of Kansas, under the Oklahoma statute, to recover damages for wrongful death does not violate the public policy of the state of Kansas and may be maintained.[18] It follows that the motion to strike should be denied. The clerk will make the appropriate entry on his docket and the defendant is given twenty (20) days from the date of such entry in which to answer.

[15] 141 Kan. 195, 40 P.2d 396.

[16] G.S. (Kans.) 1935, Sec. 8-122b.

[17] Blunt v. Chicago, R. I. & P. R. Co., 70 Okl. 149, 173 P. 656; National Tank Car Co. v. Scott, 191 Okl. 613, 130 P. 2d 316; Missouri, O. & G. Ry. Co. v. Lee, 73 Okl. 165, 175 P. 367.

[18] Cf. Curtis v. Campbell, 3 Cir., 76 F.2d 84.