No. 44,006

Bonnie Mae McDaniel and Bonnie Mae McDaniel, Administratrix of the Estate of James O. McDaniel, Deceased, *Appellants*, v. George Donald Sinn, Alvin Leroy Clay and Southwest Freight Lines, Inc., *Appellees*.

(400 P. 2d 1018)

Opinion filed April 10, 1965.

*F. C. McMaster*, of Wichita, argued the cause, and *P. K. Smith* and *Stanford J. Smith*, of Wichita, and *W. C. Jones*, of Olathe, were with him on the brief for the appellants.

*Neal Hambleton*, of Olathe, argued the cause, and *Jack G. Beamer*, of Kansas City, Missouri, was with him on the brief for the appellees.

The opinion of the court was delivered by

Price, J.: This is an action to recover for personal injuries sustained by the decedent, and also for his wrongful death, alleged to have been caused by the negligence of defendants in an automobile collision which occurred on July 31, 1963.

The collision occurred in the state of Missoui.

The decedent, and all parties to this action, were, and are, domiciled in Kansas.

The underlying and controlling issue in the case is which law governs the substantive rights of the parties—that of Missouri where the tort occurred—or that of Kansas where all parties resided, and still reside, and where suit was brought.

The appeal by plaintiff, in her capacity as surviving widow and also as administratrix of decedent's estate, is from an order of the trial court sustaining defendants' motion to strike certain allegations from the petition.

We do not propose to take up and discuss the pleadings in detail. The petition appears to be drawn on the theory of the right of recovery under the law of either or both Missouri and

Kansas. The ruling of the trial court apparently was based upon the proposition that the substantive rights of the parties are governed by the law by Missouri, and the allegations which were stricken sought recovery for elements of damage over and beyond those permitted by the law of Missouri.

In other words—and it is substantially conceded—if the trial court was correct in its basic premise, then its order in striking was correct—and so we proceed to the decisive question in the case.

Plaintiff concedes that the rule in Kansas—as well as the majority rule throughout the country—is that in actions of this kind the law of the state where the tort occurred is to be applied to the substantive rights of the parties. It is contended, however, that, following a recent trend in the decisions of other states, this court should depart from its established rule and should go on record in holding that where, as here, all parties were and are residents of Kansas, the substantive law of this state should be applied— the argument being that such a holding would more nearly take into account the interests of the state having "significant contact" with the parties to the litigation. In this connection we are referred to *Richards v. United States* 369 U. S. 1, 7 L. ed. 2d 492, 82 S. Ct. 585 (1962) where in Headnote No. 8 (Lawyers' Edition) it is stated:

"The general conflict of laws rule, followed by a vast majority of the states, is to apply the law of the place of the injury to the substantive rights of the parties, but the recent tendency of some states has been to depart from this rule in order to take into account the interests of the state having significant contact with the parties to the litigation."

There is no doubt as to the general rule followed by a great majority of the states in which the question has arisen. In the Annotation at 15 A. L. R. 2d 762, at page 765, the following statement is made:

"The great weight of judicial authority is inclined to the view that questions as to the measure and amount of damages recoverable or a limitation on that amount are just as much questions of substantive law and therefore governed by the law of the place where the fatal injury was inflicted, as the right generally to recover for the wrongful death."

In a later Annotation covering the same subject in 92 A. L. R. 2d 1180, it is said:

"It is the general rule, subject to some exceptions  . .  ., that questions as to the measure, extent, or amount of damages recoverable in a wrongful

death action are to be determined by the law of the place where the wrong causing the death occurred, this rule being generally founded upon the view that the measure, extent, or amount of damages for wrongful death pertains to a matter of the substance of the right to recovery, which should be governed by the law of the place wherein the cause of action arose." (pp. 1185, 1186).

To the same effect, see 25 C. J. S. Death § 28, p. 1097, and 16 Am. Jur., Death, §§ 389, 390, 394, pp. 253, 255, 257.

In *Vrooman v. Beech Aircraft Corp.*, 183 F. 2d 479, (10th Circuit) Headnote No. 3 of the opinion reads:

"In tort action brought in federal court on ground of diversity of citizenship, law of state where wrong occurred determined whether plaintiff sustained legal injury."

See also *La Prelle v. Cessna Aircraft Co.*, (District of Kansas) 85 F. Supp. 182.

In *Koster v. Matson*, 139 Kan. 124, 30 P. 2d 107, the action was one to recover for personal injuries sustained in an automobile accident which occurred in the state of Nebraska. In the course of the opinion it was said: "Since the accident occurred in Nebraska, the liability of defendant is to be determined by the law of that state. . . ." (p. 126.)

In *Pool v. Day*, 141 Kan. 195, 40 P. 2d 396, the action was against the administrator of the estate of Brady to recover for personal injuries received by plaintiff when riding in the automobile driven by Brady, and who was instantly killed in the accident which occurred in the state of Oklahoma. Both plaintiff and Brady were residents of Kansas. It was held:

"In an action for the recovery of damages for personal injuries sustained in an automobile accident, the liability of the defendant is to be determined by the laws of the state where the injury was sustained, and such liability may be enforced in the courts of this state, which have jurisdiction of the subject matter and can obtain jurisdiction of the parties, unless such enforcement is contrary to the laws, public policy and good morals of this state." (Syl. 1.)

From what we have been advised by the parties concerning the wrongful death statute of Missouri, enforcement of it by the courts of this state is not in violation of any positive law of this state and is not contrary to the laws, public policy and good morals of this state.

Various other matters argued in the briefs have been noted, but require no discussion. The trial court, and not this court, is the forum in which the pleadings are to be framed. The extent of our

ruling is that the law of Missouri—where the tort occurred—governs the substantive rights of the parties. Such allegations of the petition as are outside the scope of the Missouri statute and law were properly stricken.

The judgment is affirmed.