93 N.J. Super. 49 (1966)
224 A.2d 689
JAMES N. ROSENAU AND NORAH ROSENAU, PLAINTIFFS-APPELLANTS,
v.
CITY OF NEW BRUNSWICK, NEW JERSEY, AND WORTHINGTON GAMON METER COMPANY OF NEWARK, NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 1966.
Decided December 6, 1966.
*51 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Edward K. Zuckerman argued the cause for appellants.
Mr. Frank N. Yurasko argued the cause for respondent Worthington Gamon Meter Company of Newark, New Jersey (Messrs. Champi, Graham and Franchino, attorneys; Mr. Robert M. Graham, on the brief).
*52 The opinion of the court was delivered by LABRECQUE, J.A.D.
Plaintiffs sued for property damage allegedly brought about by the bursting of a water meter in their home. Defendants are the City of New Brunswick, which operates a water system in that municipality, and Worthington Gamon Meter Company (Gamon), which manufactured the water meter which allegedly burst.
The meter in question was one of 60 purchased by New Brunswick from Gamon in 1942. It was installed in plaintiffs' home by city employees in 1950. Fourteen years later it broke, permitting the escape of water which damaged plaintiffs' property.
By the second count of their complaint plaintiffs sought to hold Gamon liable on the theory of (1) breach of warranty of merchantability and fitness for use, (2) negligence, and (3) strict tort liability. Gamon set up the defense of the statute of limitations and moved for summary judgment on that ground. Following an oral opinion by the trial judge, summary judgment was entered in favor of Gamon, and New Brunswick's claim for contribution and indemnification against Gamon was dismissed. Plaintiffs thereupon filed the present appeal. There was no appeal by New Brunswick and no appearance by it in opposition to the present appeal.
Initially we note that the judgment appealed from is an interlocutory one since New Brunswick remains as a defendant. Peterson v. Falzarano, 6 N.J. 447, 453 (1951); McCombs v. Peniston, 22 N.J. Super. 246, 248 (App. Div. 1952). However, in view of the advisability of an early disposition of the issue involved, we granted leave to appeal at oral argument and proceed to consideration of the merits. R.R. 1:27B(e); Sautto v. Edenboro Apartments, Inc., 69 N.J. Super. 420, 423 (App. Div. 1961).
The trial judge determined, and we agree, that prior to the adoption of the Uniform Commercial Code, a buyer's cause of action based upon breach of warranty of merchantability and fitness for use was governed by N.J.S. 2A:14-1 which provides that:
*53 "Every action at law * * * for any tortious injury to real or personal property, * * * for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3 of this title, or for recovery upon a contractual claim or liability, express or implied, not under seal * * * shall be commenced within 6 years next after the cause of any such action shall have accrued." (Emphasis added)
Under that statute a cause of action for breach of a present (as distinguished from a prospective) warranty accrued upon delivery of the product by defendant seller to plaintiff buyer, at which time the buyer became entitled to bring his action regardless of whether consequential damages resulted from the breach. E.O. Painter Fertilizing Co. v. Kil-Tone Co., 105 N.J.L. 109, 111 (E. & A. 1928); Annotation, "Statute of Limitations: When Cause of Action Arises on Action Against Manufacturer or Seller of Product Causing Injury or Death," 4 A.L.R.3d 821, 829 (1965); 3 Frumer & Friedman, Products Liability, § 40.01[2] (1966); cf. Gogolin v. Williams, 91 N.J.L. 266 (E. & A. 1917); Sullivan v. Stout, 120 N.J.L. 304 (E. & A. 1938). This rule is continued in the Uniform Commercial Code, N.J.S. 12A:2-725 (2), which provides that:
"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."
On the other hand, it has generally been held that a cause of action based upon negligence accrues when the damage first occurs and that the statutory period begins to run from that time. Tortorello v. Reinfeld, 6 N.J. 58, 65 (1950); Fredericks v. Town of Dover, 125 N.J.L. 288, 291 (E. & A. 1940). Where the negligence asserted involves a single injury or a sudden trauma, the time begins to run when the injury or trauma is sustained and even in cases where the injury is slight, if it causes some damage, the time of accrual of the statutory period is not deferred until all of *54 the resulting damage becomes apparent. Tortorello v. Reinfeld, supra, at p. 65.
At the oral argument plaintiffs' attorney advised us that they were prepared to establish that the failure of the water meter was brought about by a defect caused by Gamon's negligence in its manufacture. They urge that their cause of action based upon this alleged negligence did not accrue until they actually sustained damage by reason of the defect and that, since this did not occur until March 26, 1964, the action was instituted well within the statutory time.
We agree and hold that plaintiffs' cause of action based upon defendants' negligence did not accrue until the meter burst and occasioned the damage for which recovery is sought. See Church of the Holy Com'n v. Paterson, etc. R.R. Co., 66 N.J.L. 218, 226, 236 (E. & A. 1901); Stanley Dev. Co. v. Township of Millburn, 26 N.J. Super. 328, 330-331 (App. Div. 1953). Cf. Smith v. Fischer Baking Co., 105 N.J.L. 567, 569-570 (E. & A. 1929); Ochs v. Public Service Ry., 81 N.J.L. 661, 663 (E. & A. 1911).
Plaintiffs urge that the same rule should apply to their cause of action based upon strict liability in tort. They argue that it is unreasonable to hold that defendants' liability to them terminated in 1948  two years before the meter was installed in their home.
The question posed is one of first impression in this State. Its resolution calls for consideration of the purposes of the statute, the instrumentality involved and the nature and character of the liability sought to be imposed.
Statutes of limitation embody important policy considerations, one of which is the giving of repose to human affairs. Wood v. Carpenter, 101 U.S. 135, 139, 25 L.Ed. 807, 808 (1879); Kyle v. Green Acres at Verona, Inc., 44 N.J. 100, 108 (1965). Their underlying purpose is to prevent the unexpected enforcement of stale claims concerning which persons interested have been thrown off their guard by want of prosecution. 1 Wood, Limitations of Actions, § 4, at pp. 8, 9 (4th ed. 1916).
*55 Although the statute in question provides that an action for damage to property shall be instituted within six years of the time the cause of action shall have accrued, the Legislature has never sought to define or specify when a cause of action shall be deemed to have accrued within the meaning of the statute. In passing upon the question our courts, in the exercise of their judicial function, have sought to apply the statute with due regard to the underlying statutory policy of repose without, however, permitting unnecessary individual injustices. Fernandi v. Strully, 35 N.J. 434, 449-450 (1961).
The water meter here in question was never intended to be sold to the public. On the contrary, but one sale was contemplated  that to the city, which would eventually incorporate the meter into its public water supply system. The meter was not advertised to the public and only through happenstance, as here, would a member thereof ever come in contact with it. It partakes more of the character of a unit which is intended to be incorporated into a larger machine and which, if defective, may cause damage to persons or property in contact with it. There is no contention made that there was any breach of a continuing warranty as to the performance of the meter, so the inquiry here is limited to whether at the time of the sale to the city it was reasonably fit for the use intended, i.e., use in the home as part of the public water supply system of defendant New Brunswick.
The doctrine of strict liability in tort which plaintiffs seek to invoke was intended to meet numerous problems posed by present-day manufacturing conditions and marketing practices by eliminating the restrictive notions of privity of contract in cases involving the design and fabrication of products causing injury to the consumer or user thereof. Santor v. A & M Karagheusian, Inc., 44 N.J. 52, 64 (1965). In the opinion in Santor the nature of the liability imposed was set forth as:
*56 "Under the strict liability in tort doctrine, as in the case of express or implied warranty of fitness or merchantability, proof of the manufacturer's negligence in the making or handling of the article is not required. If the article is defective, i.e., not reasonably fit for the ordinary purposes for which such articles are sold and used, and the defect arose out of the design or manufacture or while the article was in the control of the manufacturer, and it proximately causes injury or damage to the ultimate purchaser or reasonably expected consumer, liability exists. Existence of the defect means violation of the representation implicit in the presence of the article in the stream of trade that it is suitable for the general purposes for which it is sold and for which such goods are generally appropriate. As we have said, this representation is found in the law. If it is not a fact  if the article is defective and the defect is chargeable to the manufacturer, his must be the responsibility for the consequent damage or injury." (at p. 66-67; emphasis added)
We incline to the view that the doctrine of strict liability extends  to an ultimate user or consumer not in privity with the manufacturer  the latter's well recognized liability to a buyer for breach of implied warranty of merchantability and fitness for use. Such being the case, the rule as to the accrual of a cause of action for breach of warranty should apply rather than the rule applicable to actions for negligence. We therefore hold that the six-year limitation prescribed by N.J.S. 2A:14-1 is applicable to plaintiffs' cause of action in strict liability, and that the statute began to run when the allegedly defective meter was sold and delivered to the City of New Brunswick. To hold otherwise would be to grant to the chance user of a product a right of recovery denied the actual purchaser of the product after the expiration of the six-year limitation.
While some hardship may arise from the enforcement of this rule in particular cases, a contrary holding would be inimical to the repose of society and promote litigation of a character too uncertain and too speculative to be encouraged. Cf. Tortorello v. Reinfeld, supra, 6 N.J., at p. 67. As was noted in Schwartz v. Heyden Newport Chemical Corp., 12 N.Y.2d 212, 237 N.Y.S.2d 714, 188 N.E.2d 142, 4 A.L.R.3d 814 (Ct. App. 1963), "it was presumably * * * a determination that the interests of an occasional claimant *57 were subordinate to society's interest in repose that resulted in the Statute of Limitations in the first place."
It follows that summary judgment as to that portion of plaintiffs' complaint sounding in negligence should have been denied and that the entry of summary judgment as to that portion thereof grounded in breach of warranty and strict liability was proper.
Reversed and remanded for further proceedings in accordance with this opinion.