**ARROW TRANSPORTATION COMPANY, a Delaware corporation,
Plaintiff,**

**v.**

**FRUEHAUF CORPORATION, a Michigan corporation, Defendant.**

**Civ. No. 67–296.**

United States District Court
D. Oregon.
March 12, 1968.

Duane Vergeer, Vergeer, Samuels, Cavanaugh & Roehr, Portland, Or., for plaintiff.

Darrel L. Johnson, Pendergrass, Spackman, Bullivant & Wright, Portland, Or., for defendant.

## OPINION

KILKENNY, District Judge:

The parties have requested rulings, in advance of trial, on the issues hereinafter stated.

In August, 1958, plaintiff purchased a tanker-trailer from the defendant. This unit was equipped with a fifth wheel unit, consisting, in part, of an upper plate and kingpin assembly. The trailer was placed in operation in December, 1958.

On September 10, 1966, the trailer, loaded with approximately 7,700 gallons of gasoline, became separated from the tractor which was pulling it. The tanker ruptured and the gasoline ignited, burning the tractor, trailer and most of the cargo. Damages are alleged at $14,761.-22.

At the time of the accident, the trailer had been driven over 441,000 miles. Plaintiff alleges that the accident was the result of a defective kingpin assembly on the trailer's fifth wheel. Plaintiff bases liability on negligence, implied warranty and strict liability.

## ISSUES

(1) (a) In connection with plaintiff's claim of liability on a theory of breach of an implied warranty of fitness, the defendant urges that the cause is barred by ORS 12.080.

Generally, such a warranty is breached at the time of the delivery of the goods. Here, the claim of liability is based on an accident occurring some eight years after the purchase of the article. ORS 12.080, requiring this type of an action to be commenced within six years, is applicable. Vaughn v. Langmack, 236 Or. 542, 390 P.2d 142 (1964); Wells v. Oldsmobile Co. of Ore., 147 Or. 687, 35 P.2d 232 (1934). ORS 72.7250

(1) (2), a section of the Oregon Uniform Commercial Code, although not in effect at the time the contract was made, fully supports this view. The Oregon court has held that the UCC may be used as a guideline where there is no prior precedent, in that the Code embodies a sound commercial practice which the Court should follow. Gresham State Bank v. O & K Constr. Co., 231 Or. 106, 118–119, 370 P.2d 726, 372 P.2d 187, 100 A.L.R.2d 654 (1962).

■■■ (1) (b) On plaintiff's theory of negligence, the statute of limitations does not apply. An action based on negligence does not accrue until damage is suffered. Hall v. Cornett, 193 Or. 634, 643, 240 P.2d 231 (1952). Consequently, on this theory of recovery, the statute did not commence to run until the time of the accident in September, 1966.

■■■ (1) (c) In my opinion, the precept of strict liability sounds in tort. Accordingly, the same rule of limitations should be here applied, as in negligence cases. In other words, injury is the catalyst around which liability is spun in this variety of products liability case. Wights v. Staff Jennings, Inc., 241 Or. 301, 405 P.2d 624 (1965), Restatement Torts 2d, 402(A), 1965.

The recent New Jersey Supreme Court case of Rosenau v. City of New Brunswick, 51 N.J. 130, 238 A.2d 169 (Feb. 5, 1968) in reversing 93 N.J.Super. 49, 224 A.2d 689 (1966), concludes that an action employing strict liability, as a basis for recovery, is a tort action and that the action accrues, and the statute commences to run, when the injury occurs, rather than when the product is delivered.

Although not precisely in point on the issue before me, the recent Oregon case of Heaton v. Ford Motor Co., 85 Or.Adv. Shts. 823, 435 P.2d 806 (1967), holding that the doctrine of strict liability may be asserted if the product is dangerously defective, even though it may not be ultra-hazardous, shows the trend of the Oregon court. There is sufficient in the pleading, in my opinion, to permit evidence of the former. For that matter, the allegations would seem sufficient to permit the introduction of evidence on a theory of extra-hazardous conduct.

■■■ (2) Aside from the effect of the statute of limitations, I am persuaded that the disclaimer provisions of sales contract precludes the plaintiff from relying on a theory of implied warranty.[1]

Since the theory of recovery on implied warranty is grounded on contract, there is no sound reason why a valid disclaimer, such as shown in the margin, should not preclude recovery. This statement is supported by ORS 72.3160, a section of the Oregon Uniform Commercial Code, which, in essence, provides that the parties are free to contract away any warranties which may be implied by law, the only requirement being that the

1. "With respect to new trailers manufactured by it, Fruehauf Trailer Company makes the following warranty solely to the purchaser of such trailers and all other warranties whatsoever, express or implied by law or otherwise, are hereby excluded:

"Fruehauf Trailer Company warrants that it will replace free of charge, except for costs of installation and transportation which shall be borne by Purchaser, any part or parts from such trailers which are returned to it within ninety days after being delivered to purchaser and upon examination determined by Fruehauf Trailer Company to be defective in workmanship or material; and Fruehauf Trailer Company shall not be liable for any cargo loss, loss of trailer use, or any other incidental or consequential damages resulting from any defective part or parts, its liability and purchaser's exclusive remedy being expressly limited to the replacement of defective parts as provided herein. This warranty does not apply (1) to tires, accessories, and other items (including the items, if any, listed on the face hereof as 'Purchaser Specified Items') manufactured by others, and Purchaser shall rely solely on the warranty, if any, of the manufacturer of such tires, accessories, and other items; nor (2) to any trailer, otherwise subject to this warranty, which shall have been repaired, modified or altered in any way by anyone other than Fruehauf Trailer Company or one of its duly authorized service representatives."

disclaimer be clearly stated and be conspicuous. Here, we have no problem with reference to the latter.

Attention is also called to the fact that here there is no evidence of fraud, duress or undue influence. Also, to be kept in mind is the fact that the plaintiff was in privity with the defendant. Nothing here presented would indicate that the language of the disclaimer is in any way unconscionable. Hence, these provisions of the contract prevent the plaintiff from recovery under a theory of implied warranty.

■ (3) Next defendant urges that the doctrine of strict liability is available only for injuries to the person and not for damage to property. In Wights v. Staff Jennings, Inc., supra, the Oregon court imposed a doctrine of strict liability for personal injuries resulting from a defective product. On the same day, in Price v. Gatlin & Columbia Tractor & Implement Co., 241 Or. 315, 405 P.2d 502 (1965), the Court held that the doctrine may not be used against a non-privity seller for economic losses caused by a third party's defective workmanship. No sound reason has been advanced for not applying the doctrine, under proper circumstances, where there is privity between the manufacturer and the plaintiff, and the damage involved is to property, rather than to the person. Brewer v. Reliable Automotive Co., 240 Cal.App.2d 173, 49 Cal.Rptr. 498 (1966), is to be distinguished. There, the defendant was not the manufacturer, but a mere truck dealer, similar in legal stature to the wholesaler involved in Price. Again, I must emphasize that the defendant here was the manufacturer and in direct privity with the plaintiff. Even a casual analysis of Reliable leads to the conclusion that it is not authority for the proposition that the doctrine cannot be applied where property damage only is involved. Rosenau v. City of New Brunswick, supra, is an exceptionally well reasoned case and applies the doctrine of strict liability in a property damage action. I suggest that the Supreme Court of Oregon, if faced with these facts, would follow the logic of the New Jersey court.

■ (3) (a) Defendant argues that even though the doctrine of strict liability is applicable, the plaintiff disclaimed any cause of action on this theory when it signed the disclaimer previously mentioned. I hold otherwise. Here, the defendant is expertise in the field of manufacture of the particular product. Plaintiff, although expertise in the field of transportation, is at the mercy of the manufacturer and does not here deal with defendant on an equal basis. I am not required to decide what might be the effect of a disclaimer which specifically waived an action for strict liability or other tort. Although the language of the disclaimer is broad, it immediately follows language limited to express and implied warranties, thus requiring the invocation of the rule of ejusdem generis. Vandermark v. Ford Motor Co., 61 Cal.2d 256, 37 Cal.Rptr. 896, 391 P.2d 168 (1964) and Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1 (1960), fully uphold these views. Moreover, this conclusion is bolstered by the Restatement, Section 402 (A), Comment (M).

■ (3) (b) Defendant's contention that the use of the equipment for eight years, during which period 441,000 miles was placed on the vehicle, should conclusively show that the trailer was not negligently constructed, nor that an ultra-hazardous or highly dangerous condition existed is an argument for the trier of the facts, rather than an issue to be decided as a matter of law. Certainly, the lapse of time and the metal fatigue which would naturally follow a use, with that mileage, would create a very strong inference that the trailer was not defective when delivered. Yet, I do not believe that this inference requires me to declare, as a matter of law, that plaintiff cannot recover. Maybe, on trial, the evidence will be such as to point to a contrary conclusion.

These conclusions shall serve as guidelines for the trial of the case and for the preparation of the pre-trial order. Pres-

ently, I see no good reason why the pretrial order should not be lodged on the third Monday in April, 1968, and the cause is placed on the calendar for that date.