Ronald G. FORSYTH, Appellant.

v.

CESSNA AIRCRAFT COMPANY, Appellee.

No. 73–2544.

United States Court of Appeals, Ninth Circuit.

June 26, 1975.

David P. Templeton (argued), Portland, Or., for appellant.

James H. Clarke (argued), Portland, Or., for appellee.

OPINION

Before KILKENNY and SNEED, Circuit Judges, and WOLLENBERG, District Judge.*

KILKENNY, Circuit Judge:

This appeal presents a classic example of the wilderness in which courts sometimes find themselves when searching for solutions to problems arising under the judicial nightmare known as Conflict of Laws.

*FACTUAL BACKGROUND*

For the purposes of this appeal, the fundamental facts are undisputed. Appellant, a resident of the state of Washington, owned an airplane manufactured and sold by appellee in the state of Kansas in 1967. In January, 1972, appellant's pilot flew the aircraft from Spokane to Yakima and thence on toward Seattle. During the leg of the flight between Yakima and Seattle, the pilot noticed the odor of what he thought was an electrical fire. On the approach to

---

* The Honorable Albert C. Wollenberg, Senior United States District Judge for the Northern District of California, sitting by designation.

the landing field near Seattle, he discovered he was unable to lower the landing gear, either through activation of the electrical primary system or through use of the manual back-up system. After checking the aircraft manual and talking to a mechanic on the ground, all to no avail, the pilot again attempted to activate the manual landing gear, at which time the chain mechanism broke. Subsequent to exhausting all means of lowering the gear and after consultation with the tower, the pilot decided to crash land in a grass field. The landing was executed without personal injury to the occupants, but the aircraft sustained substantial damage.

### THE LITIGATION

The appellant thereupon instituted in the district court a diversity action against appellee to recover damages sustained by the aircraft. The issues for trial, as outlined in the pre-trial order,[1] were as follows:

"1. Whether the landing gear extension mechanisms were defectively manufactured by the defendant.

"2. Whether the defects in the landing gear extension mechanisms were the proximate cause of the damage to the said Cessna aircraft.

"2½. Whether plaintiff's claim is barred by the applicable statute of limitations.

"3. The amount of plaintiff's recoverable damage, if any."

From the above, and from his pleadings and briefs in the district court, it is clear that appellant's sole claim for recovery was based on a theory of strict liability in tort. Although the court expressly indicated that the aircraft was defectively designed,[2] it nonetheless went on to hold that the law of the state of Kansas applied and, because the Kan-

sas courts had not adopted the doctrine of strict liability in tort, appellant's action should be treated as one on contract for breach of warranty. Having so decided, the court concluded that appellant's action was barred by the Kansas statute of limitations on such actions, KSA 84–2–725. This appeal is prosecuted from the resulting judgment of dismissal.

### ISSUES ON APPEAL

We state the issues as follows:

(1) Should appellant's action be characterized as one in tort?

(2) Does Kansas, Washington, or Oregon substantive law apply?

(3) Is the action barred by a statute of limitations?

(4) If the district court erred in its choice of law, is its alleged finding of defective design sufficiently definite to support a judgment?

### CHARACTERIZATION

The threshold question, one essential to discussion of the other problems, is whether appellant's action should be characterized as one in tort or on contract from the commencement of the litigation. We conclude that it would be wholly illogical to pass on the ultimate choice of law question before the action is properly classified.

■ Both Oregon, the forum state, and Washington, the state in which the accident occurred, recognize and enforce the doctrine of strict liability in tort for defective product design or manufacture.[3] Manifestly, if appellant had instituted his action in an Oregon state court, that court would have characterized the initial pleading and claim as stated in the pre-trial order as one in tort, not on contract. *Wights v. Staff Jennings, Inc.,* 241 Or. 301, 405 P.2d 624

---

1. The order also provided that ". . . the pleadings pass out of the ·case and are superseded by this order. . . ."

2. "The evidence indicates a defect in the design of the landing gear's extension apparatus. The motor driven mechanism appears to have burned out and locked in an engaged position.

This had the effect of freezing the landing gear, and accounts for the pilot's inability to lower the landing gear by use of the hand crank."

3. Restatement, 2d, Torts § 402A.

(1965). The tortious nature of an action in strict liability is clarified in *Roach v. Kononen,* Or., 525 P.2d 125 (1974), and *Markle v. Mulholland's, Inc.,* 265 Or. 259, 272–273, 509 P.2d 529 (1973). To the same effect is *Arrow Transportation Co. v. Fruehauf Corp.,* 289 F.Supp. 170, 172 (D.Or.1968).

■■ In diversity of citizenship cases such as this, the federal courts are required to apply the conflict of laws principles of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), and *Erie R. Co. v. Tompkins,* 304 U.S. 64, 74–77, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Likewise, the characterization of an action must be made in accordance with the law of the forum. *Hall v. Copco Pacific, Ltd.,* 224 F.2d 884, 885 (CA9 1955); Restatement, 2d, Conflict of Laws § 124.[4]

■ 'For the purposes of characterization, we discern no valid distinction between an action by a citizen of a foreign state and one by a citizen of the forum. If this were an action by an Oregon resident, the Oregon courts would undoubtedly characterize the action as one in tort, as distinguished from one on contract. The forum—not the plaintiff's place of residence—determines how an action is characterized.

Because appellant chose Oregon as his forum, he is entitled to maintain his strict liability in tort action against appellee. It follows that the district court was in error when it characterized the action as one for breach of contract.

### WHICH STATE'S SUBSTANTIVE LAW APPLIES?

#### A.

Having concluded that the action should be characterized as one in tort, we proceed to a determination of which state's law should be applied to the record before us. Should it be the substantive law of Kansas, Washington, or Oregon?

Oregon, a neutral forum, has adopted, with minor modifications, the doctrine of strict liability in tort as embodied in Restatement, 2d, Torts § 402A. *Heaton v. Ford Motor Co.,* 248 Or. 467, 435 P.2d 806 (1967). The identical doctrine under the same Restatement section, has been adopted by the Washington courts. *Ulmer v. Ford Motor Co.,* 75 Wash.2d 522, 452 P.2d 729 (1969). Consequently, there is no conflict on this subject between the laws of Washington and Oregon. However, the courts of the state of Kansas have neither recognized nor rejected § 402A.

Until recently, the Oregon Supreme Court was committed to the traditional rule that in tort cases the law of the place of wrong, *lex loci delicti commissi,* controls. In 1967, however, the court in *Casey v. Manson Constr. Co.,* 247 Or. 274, 428 P.2d 898, decided to adopt the equally maligned, generally criticized "most significant relationship" approach embodied in Restatement, 2d, Conflict of Laws § 145.

With the passage of time, the Oregon court recognized the futility of attempting to strictly follow the "most significant relationship" theory, holding in *Erwin v. Thomas,* 264 Or. 454, 506 P.2d 494 (1973), that when, in the particular factual context, the interests and policies of one state are involved only in a minor way, reason dictates that the law of the state whose policies and interests are vitally involved should apply. Or, in the court's words ". . . if those of neither state are vitally involved, . . . the law of the forum should apply." *Id.,* 506 P.2d at 496. While the court in *Erwin* did not reject the "most significant relationship" theory as outlined in the Restatement and adopted in *Casey,* it did hold that if a false conflict exists, the law of the forum should apply. It held that a false conflict would arise: (1) when the laws of two states are the same or would produce the same result, and (2) when no substantial conflict exists between the states' policies or inter-

---

4. In part, Comment *a* to § 124 states, "The local law of the forum determines such question as whether . . . the action shall be in tort or contract . . . ."

ests in the particular factual context in which the question arises.

Consequently, under *Erwin,* as applied to our context, Oregon law would apply unless an actual conflict exists among the relevant policies of Oregon, Washington, and Kansas. As we have already said, Oregon and Washington recognize and enforce the doctrine of strict liability in tort as embodied in Restatement § 402A. Between those states there is obviously no conflict. Nor, in these circumstances, do we find a true conflict between the relevant law of Kansas and that of either Oregon or Washington.

Of significant aid to our analysis is *McDaniel v. Sinn,* 194 Kan. 625, 400 P.2d 1018 (1965), in which the plaintiff prosecuted an action in that forum for injuries to himself and the wrongful death of plaintiff's decedent resulting from an automobile accident in Missouri. The Kansas court held that the substantive rights of the parties, including the extent of damages recoverable, were governed by the law of the state where the tort occurred, as long as the enforcement of such rights would not be contrary to the laws, public policy and good morals of Kansas. Cited in support of its decision is *Richards v. United States,* 369 U.S. 1, 11–12, 82 S.Ct. 585, 592, 7 L.Ed.2d 492 (1962), an airplane accident case, where the Supreme Court said:

> "The general conflict-of-laws rule, followed by a vast majority of the States, is to apply the law of the place of injury to the substantive rights of the parties."

The Kansas court also cited, with approval, *La Prelle v. Cessna Aircraft Co.,* 85 F.Supp. 182 (D.Kan.1949). *In La Prelle,* a citizen of Florida brought a diversity action in the Kansas district court under an Oklahoma statute against the Cessna Aircraft Company (the appellee here), to recover damages for the wrongful death of her husband killed in an Oklahoma airplane crash. *La Prelle* held that the law of Oklahoma governed the action and that it could be maintained in a Kansas forum even though

actual damages were recoverable under the Oklahoma statute in excess of the $15,000.00 recovery limitation of the Kansas death statute. These authorities convince us that if appellant had commenced his tort action in Kansas, that state would have applied the law of the state of Washington, even though Kansas had not adopted the doctrine of strict liability.

■ Likewise, these authorities make it clear that Kansas has no law or public policy against employing out-of-state tort law against Kansas corporations in accident cases arising in other states. For that matter, they establish that the public policy of the state of Kansas is to utilize the rule of *lex loci delicti* in actions on out-of-state accidents. From this, it is apparent that appellant could have instituted his action in Kansas and there relied for recovery on the substantive law of Washington. We are convinced that the fact that Kansas has not affirmatively adopted the rule of strict liability does not create a true conflict between the laws of that state and those of either Oregon or Washington. Since there is no conflict, the relevant teaching of *Erwin v. Thomas, supra,* is applicable, and *lex fori,* the law of Oregon, must be applied.

In view of our holding that the action should be classified as one in tort, cases cited by appellee, such as *Mendel v. Pittsburgh Plate Glass Co.,* 25 N.Y.2d 340, 305 N.Y.S.2d 490, 253 N.E.2d 207 (1969), and *O'Keefe v. Boeing Co.,* 335 F.Supp. 1104 (S.D.N.Y.1971), are not in point and are of no help to appellee. Appellee's other citations on breach of warranty are no more in point.

### B.

■ Inasmuch as we have concluded that there is no true conflict between the laws of the specified states on the issue before us, we do not reach the question of which state has the "most significant relationship" to the action as that phrase is analyzed and applied in such cases as *Casey v. Manson Constr.*

*Co., supra,* and *Erwin v. Thomas, supra.* In the absence of a true conflict, *lex fori* controls.

■ The district court, without in any way discussing the possibility of a false conflict of law among the respective states, and without mentioning the rule of *lex loci delicti* employed in the Kansas cases of *McDaniel v. Sinn, supra,* and *La Prelle v. Cessna Aircraft Co., supra,* proceeded to utilize the "most significant relationship" formula and held that ". . . Kansas is the state of greater concern, and that its law should govern." In using this language, the court was speaking in regard to Kansas contract law, and we suspect that the court would have arrived at an entirely different result if it had properly characterized the action as one in tort and had used Kansas tort law as applied to out-of-state accidents. A tort cause of action in Kansas does not accrue until actual damages result from the tortious conduct. *In re Talbott's Estate,* 184 Kan. 501, 337 P.2d 986 (1959).

### THE STATUTE OF LIMITATIONS ISSUE

Having already concluded that appellant's action is one based on the doctrine of strict liability and that it sounds in tort, we proceed to the limitation of action problem. The crash occurred on January 21, 1972, and the action was filed on April 21, 1972.

■■ It is fundamental that the forum court utilizes its own state's statute of limitations. Restatement, 2d, Conflict of Laws § 142. Oregon is committed to this general rule. *Conner v. Spencer,* 304 F.2d 485 (CA9 1962); *Van Santvoord v. Roethler,* 35 Or. 250, 57 P. 628 (1899). Consequently, the Oregon statute, ORS 12.080(4),[5] applies, and the action obviously is not barred under Oregon law.

■ Even if we turn to Oregon's borrowing statute, ORS 12.260, which pro-

vides that in actions between non-residents the cause is barred if it is barred in the state ". . . where the cause of action arose . . .," we arrive at the same result. The Washington statute, RCW 4.16.080, gives a litigant three years in which to prosecute his tort action, commencing on the date of injury. *Theurer v. Condon,* 34 Wash.2d 448, 209 P.2d 311 (1949). A Washington action based on strict liability arises in the state in which the injury occurs. *Huddleston v. Angeles Cooperative Creamery,* 315 F.Supp. 307 (W.D.Wash.1970). Even if it could be said that the cause of action "arose" in Kansas, the action would not be barred under the applicable Kansas statute on torts, KSA 60–513. This statute also does not begin to run until the injury occurs. *Kitchener v. Williams,* 171 Kan. 540, 236 P.2d 64, 73 (1951).

We conclude that appellant's action is not barred by the statutes of limitations of any one of the respective states.

### SUFFICIENCY OF THE FINDING OF DEFECT

Appellant argues emphatically that the district judge made a specific finding of liability when, in his opinion, he used the language outlined in footnote 2, *supra.* We disagree.

■ We are convinced that in using this language the judge had no intention of making a specific finding of defective design which would form the basis for a judgment of strict liability at the appellate court level. The author of the language is a highly respected and experienced trial judge. If he had intended to make a specific finding on the issue, he would not have used the language "[t]he evidence *indicates* a defect in the design . . .," nor the language ". . . *appears* to have burned out . . . ." [Emphasis supplied.] He was doubtless familiar with the Ninth Circuit rule that findings should

---

**5.** *"12.080 Within six years.*

\* \* \* \* \* \*

"(4) An action for taking, detaining or injuring personal property, including an action for

the specific recovery thereof; shall be commenced within six years."

be sufficiently explicit to give the appellate court a clear understanding of the basis of the trial court's decision, so as to enable it to determine the ground on which the decision was reached. *Dale Benz, Inc. v. American Casualty Co.,* 303 F.2d 80, 82 (CA9, 1962); *Irish v. United States,* 225 F.2d 3, 8 (CA9 1955). To be sure, the judge used rather strong language and unquestionably indicated the direction in which he was leaning. Strong as it is, however, it does not measure up to a finding on which we can premise a judgment in appellant's favor.

## CONCLUSION

The judgment of the district court is vacated, and because the case has been fully tried, the cause is remanded with directions to enter appropriate findings on the issue of strict liability and, if liability is found, assess the damages sustained.

It is so ordered.

SNEED, Circuit Judge (concurring):

I concur in the opinion. I should like, however, to add that in my opinion Oregon courts would reach the same result even if a true, as opposed to a false, conflict existed. That is, Oregon courts, upon finding a real conflict between the law of Kansas on the one hand and the laws of Oregon and Washington on the other, very likely would find that Washington had the most significant relationship with the accident and the parties involved.

I say this because the appellant is a resident of Washington and, more importantly, Washington is the place of the accident. Emphasis is laid on the place of the accident, not because of the wistfulness with which I regard those simple days in which the place of the tort rule governed these matters, but because I feel certain that Oregon would recognize that strict liability in tort primarily reflects a policy to provide compensation to those injured as a result of defective products rather than to deter improper conduct. The primacy of the purpose to provide compensation to victims in my judgment irresistibly swings the pointer of "most significant relationship" to the state of the accident. *See George v. Douglas Aircraft,* 332 F.2d 73, 76–77 (2d Cir. 1964).

This purpose, while certainly embracing the residents of the states which pursue it, not unreasonably can be said to extend to all injured within its borders. Almost all so injured to some extent make demands upon the resources of the state and its residents of the place of the accident. These demands plus the interest of the state adopting strict liability to prevent out of state manufacturers from entering the state, as Judge Friendly in *George v. Douglas Aircraft* put it, "on easier terms as to liability than the state establishes generally," *Id.* at 77, clearly justify choice of the law of the place of the accident. Such state either has adopted strict liability in tort or it has not. If it has, its interests, particularly when the victim is its resident, clearly are "most significant." If it has not, neither its residents nor any other victim should be entitled "to borrow" the "insurance coverage" that might be provided either by the state of manufacture or sale or by the law of the forum.

WOLLENBERG, District Judge (concurring):

I concur in the result reached by Judge Kilkenny, but I think the case presents a true conflict situation which should be resolved in the manner suggested by Judge Sneed in his concurring opinion. My reading of *McDaniel v. Sinn,* 194 Kan. 625, 400 P.2d 1018 (1965), and *La Prelle v. Cessna Aircraft Company,* 85 F.Supp. 182 (D.Kan.1949), convinces me that Kansas would apply its own substantive law if this action were brought in a Kansas forum. Since Kansas does not recognize strict liability as a basis for recovery, Kansas would refuse

to apply the conflicting law of either Oregon or Washington. Judge Sneed's discussion of the relevant policy considerations persuades me that his is the most sensible resolution of the conflict.