**Paul T. KEARNS, Plaintiff,**

v.

**AMERICAN HONDA MOTOR CO., INC., a corporation, Defendant.**

**Civ. No. 85–3184.**

United States District Court, D. Idaho.

July 31, 1986.

Michael L. Williams, Johnson Quinn Clifton & Williams, P.C., Eugene, Or., Stephen J. Gledhill, P. Richard Rayhill, Clemons Cosho & Humphrey, P.A., Boise, Idaho, for plaintiff.

Michael E. Ramsden, Quane Smith Howard & Hull, Coeur d'Alene, Idaho, Robert E. Maloney, Jr., David G. Hosenpud, Spears Lubersky Campbell Bledsoe Anderson & Young, Portland, Or., for defendant.

MEMORANDUM OPINION
AND ORDER

RYAN, District Judge.

I. FACTS AND PROCEDURE

On June 27, 1977, Kearns purchased a new Honda GL1000 motorcycle from Lewiston Cycle and Auto, Inc., in Lewiston, Idaho. The Honda was manufactured and sold by Defendant American Honda Motor Co., Inc. A few days later, either July 1 or July 2, 1977, Kearns was involved in an accident when he lost control of the motorcycle near Orofino. On June 19, 1985, Kearns simultaneously filed identical lawsuits against American Honda Motor Co.

(American Honda) and Lewiston Cycle and Auto, Inc., in the United States District Court for the District of Oregon and the District of Idaho. American Honda moved to dismiss or, in the alternative, to transfer the Oregon action to Idaho pursuant to 28 U.S.C. § 1404(a) (1982). The District Court of Oregon granted the motion to transfer. Thereafter, Kearns moved to dismiss the Idaho action without prejudice, which motion was granted. The remaining action is the transferred Oregon action currently pending before this court. Defendant Lewiston Cycle and Auto was dismissed pursuant to stipulation on March 27, 1986. The remaining defendant, then, is American Honda.

## II. ANALYSIS

A threshold question must be addressed before analyzing the defendant's motion. The plaintiff claims that the defendant stipulated that the Oregon statute of limitations was applicable to this case. The defendant disputes this assertion. After reviewing the briefs of counsel and the partial transcript of the hearing before Judge Reddin, the court has determined that the parties did not stipulate that the Oregon statute of limitations was applicable in all respects to this case, nor is it clear whether it would be the proper subject of a stipulation between the parties, as it is a legal question.

American Honda brings its Motion for Summary Judgment on three related, but independent grounds: (1) under the facts of this case, the law of the transferee state (Idaho) should be applied; (2) regardless of (1), an Oregon court would apply the Idaho statute of limitations; and (3) if the court were to decide that the Oregon statute of limitations applies, the plaintiff's claim is still time-barred. These grounds will be addressed in turn below.

### A. *Law to be Applied After a 28 U.S.C. § 1404(a) (1982) Change of Venue*

■ In *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the United States Supreme Court held that in cases where the defendant seeks transfer pursuant to 28 U.S.C. § 1404(a) (1982), the transferee district court is obligated to apply the state law that would have been applied if there had been no change of venue. The court opined that a change of venue was merely a change of courtrooms and not a change of the law applicable to the case. *Id.* at 639, 84 S.Ct. at 820–21. The court, however, stated that it was not determining whether the rule was applicable in all cases. The court commented that it was not determining whether the same considerations would govern if a plaintiff sought the transferor if the transferor state would have dismissed the action on the grounds of *forum non conveniens. Id.* at 640, 84 S.Ct. at 820.

In *Walko Corp. v. Burger Chef Systems, Inc.,* 554 F.2d 1165 (D.C.Cir.1977), the court upheld the district court's application of the law of the transferor state where the motion to transfer was a joint motion of all parties. In *Jenkins v. Armstrong World Industries, Inc.,* 643 F.Supp. 17 (D.Idaho 1985), Chief Judge Marion Callister noted that various scholars had indicated that the *Van Dusen* rule should not apply where the plaintiff has intentionally selected an inconvenient forum, where the state courts of the transferor district would have dismissed the action based on *forum non conveniens,* where the state courts of the transferor district would not have personal jurisdiction over the defendant, or where the transfer was made on the plaintiff's motion. *Id.* at 9–10.

The defendant has argued that *Van Dusen* is not applicable to this case on essentially two grounds. First, the defendant argues that in reality, this "Oregon" case is an Idaho case. The plaintiff filed an identical Complaint in both Oregon and Idaho and after transferring the Oregon case to Idaho, dismissed the Idaho case and could have, just as easily, dismissed the Oregon case, leaving the Idaho case. The defendant states that through this procedural quirk, the plaintiff seeks to apply Oregon law to what is in essence an Idaho

action. The court finds this argument to be unpersuasive. The Idaho action was a separate and distinct action and the Oregon action is still an Oregon action transferred to the Idaho court. There is no change in the posture of the Oregon action simply by virtue of the fact that there was an Idaho action which was pending which was subsequently dismissed.

Next, the defendant argues that this is a case where *Van Dusen* does not apply because the plaintiff intentionally chose an inconvenient forum or, alternatively, the Oregon court would have dismissed the action in Oregon on the basis of *forum non conveniens.* While Idaho may be a more convenient forum than Oregon, the court is aware of no evidence that the plaintiff intentionally chose Oregon to take advantage of Oregon law or to engage in procedural maneuvering. The court is not persuaded that the Oregon court would have dismissed this action on the basis of *forum non conveniens.* While the Idaho court may be more convenient than the Oregon court, the Oregon court is not so inaccessible to the sources of proof and the witnesses that dismissal pursuant to *forum non conveniens* would be appropriate. Obviously, the plaintiff has not chosen Oregon as a known inconvenient forum to vex or harass the defendant by inflicting upon him unnecessary expense and inconvenience. Furthermore, the plaintiff's choice of forum should, in most cases, be given great weight. *See Gulf Oil Corp. v. Gilbert Storage & Transfer Co.,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The court has concluded that the rule in *Van Dusen* is applicable to the circumstances of this case and the law of the transferor state, Oregon, should be looked to initially for guidance on the conflicts of law question.

### B. *Conflicts of Law*

#### 1. *Oregon conflicts of law.*

In *Casey v. Manson Construction and Engineering Co.,* 247 Or. 274, 428 P.2d 898 (1967), the Oregon Supreme Court adopted the most significant relationship approach of the Restatement (Second) Conflict of Laws § 145 (1959), for choice of law problems in tort law. However, the Oregon courts have ingrafted upon the most significant relationship approach a governmental interest analysis. Under the Oregon rule, the court must first engage in the determination of (1) whether the law of the two states involved would produce the same result, and (2) whether the policies and interests of the states are at odds given the particular factual context in which the question arises. If the result would be the same and there is no real conflict between the policies and interests of the states, then a false conflict exists and the law of the forum should be applied. If, however, a true conflict is found to exist, then the court must engage in the most significant relationship analysis. *See Erwin v. Thomas,* 264 Or. 454, 506 P.2d 494 (1973); *Tower v. Schwabe,* 284 Or. 105, 585 P.2d 662 (1978); *Forsyth v. Cessna Aircraft Co.,* 520 F.2d 608 (9th Cir.1975).

In analyzing whether the law of the two states would produce the same result, the court must look to the statute of limitations which would be applied to the case in Idaho and Oregon. It is clear, and the parties appear to agree, that under Idaho Code § 5–219(4) (1979), the products liability statute of limitations, this action would be barred. The statute of limitations under Idaho Code § 5–219(4) (1979) has been ruled to be substantive law, is a two-year limitations period, and has a very narrow discovery rule not applicable to this case. *See Jenkins v. Armstrong World Industries, Inc.,* Civil Nos. 83–4055, 83–4056, 84–4072 (D.Idaho May 21, 1985). The Oregon statute of limitations applicable to this case is found in Oregon Revised Statutes § 30.-905(2) (1977). The Oregon statute of limitations also provides for a two-year period; however, it has a very broad discovery rule. While the parties briefed at length whether or not the discovery rule would apply to "traumatic events" as in this case, defense counsel seemed to concede at oral argument, and properly so, that it is merely a matter of time before the Oregon courts

specifically apply the discovery rule to cases similar to the one at bar. Therefore, provided that the plaintiff could satisfy the two-step analysis of the Oregon discovery rule, there would be different results produced by the law of the two states. The two-step analysis of the Oregon discovery rule requires that there be a finding as to when the plaintiff knew or had reason to know of his injury *and* when the plaintiff knew or had reason to know that the particular defendant had caused his injury. Assuming that the plaintiff could satisfy this discovery rule, the Oregon courts would find his Complaint timely filed while the action would be barred in Idaho.

The policies and interests of the respective states are at odds as they relate to this factual situation. As the plaintiff observes, Oregon has an interest in protecting its residents and has a policy, given its discovery rule, to lean towards protection of consumer rights more than toward the rights of the manufacturer. Idaho's interest lies in seeing its laws applied to transactions consummated within its borders and by individuals and companies licensed to do business in Idaho. The policy underlying Idaho's very narrow discovery rule is to limit the exposure to liability of Idaho residents who manufacture and sell defective products. Both the interests and the policies of the states are distinctly at odds. Therefore, since a true conflict exists in this matter, the court must engage in a most significant relationship analysis.

### 2. *Most significant relationship.*

Restatement (Second) *Conflicts of Law* § 6 (1971) states that in the absence of statutory directive, the court should look to (1) interstate and international needs, (2) the policies of the forum, (3) the interests of the various states, (4) justified expectations, (5) basic policies underlying the field of law, (6) certainty, predictability and uniformity of result, and (7) ease in determination of the applicable law.

The needs of the interstate and international systems are not affected particularly one way or the other by application of either Idaho or Oregon law. As noted previously, the policies and interests of the two states involved are directly at odds. There is no evidence in the record that any party to the transaction justifiably expected Oregon law to be applicable to the transaction involved. While the basic policy of negligence law is to allow a person to recover from injury proximately caused by another's violation of the duty of reasonable care, a counter-balancing policy is that of repose of stale claims and not allowing a plaintiff to unduly rest on his laurels. Certainty, predictability and uniformity of result are all substantially enhanced by applying the law of the state where the transaction, as well as the accident, took place. If the court were to apply the law of the state whose only contact to the underlying action is the plaintiff's residence, then there is no certainty or predictability of which law will be applied in future cases. Finally, Idaho law, in this case, is easily applied to this action while the uncertainty of the discovery rule in the Oregon law makes the determination and application of Oregon law somewhat more difficult.

In addition to the general rule set out in Section 6, Restatement (Second) *Conflict of Law* § 145 (1971) supplies the contacts which are relevant to choice of law considerations: (1) where the injury occurred, (2) where the conduct causing the injury occurred, (3) domicile, residence, place of incorporation or place of business of the parties, and (4) where the relationship between the parties was centered. These factors are to be considered according to their relative importance with respect to the particular issue.

In this case, a products liability action arising out of a motorcycle accident, the place where the injury occurred is very important. Idaho is the place where the injury occurred. The place where the conduct causing the injury occurred, i.e., where the alleged defective product was manufactured, is outside both the jurisdictions of Idaho and Oregon. It is of little importance. The plaintiff is a resident of Oregon and the defendant does business

both in Oregon and Idaho. The transaction which involves the plaintiff and defendant took place in Idaho. Next to the place where the injury occurred, the most important contact is the place where the relationship between the parties is centered. That place is Lewiston, Idaho, where the product was purchased. Considering these factors, the court has concluded that the most significant relationship between these parties is centered in Idaho. The only relationship which Oregon has to this action is that the plaintiff is domiciled there and that the defendant also does business in Oregon.

Therefore, applying the hybrid *lex loci/* most significant relationship conflicts of law test set out by the Oregon courts, there is a true conflict necessitating a most significant relationship analysis which results in application of Idaho's substantive law. Idaho Code § 5–219(4) (1979), being substantive law, bars this products liability action, as it was filed well after the two-year period had lapsed. The defendant's Motion for Summary Judgment will be granted, and the action dismissed.

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that defendant's Motion for Summary Judgment should be, and is hereby, GRANTED.