## German National Bank v. Zimmer.

(Decided January 4, 1911.)

### Appeal from Boone Circuit Court.

Bills and Notes—Limitation.—In an action in the courts of this State upon a promissory note, executed and payable in the State of Ohio, and placed upon the footing of a bill of exchange by the laws of that State, the five-year Kentucky statute of limitation presents a complete defense where the cause of action accrued more than five years before the institution of the action.

C. J. VANFLEET, for appellant.

S. W. TOLIN and JOHN S. GAUNT, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirmnig.

In 1893 the appellee Zimmer in the State of Ohio executed to the order of Henry Eschmeyer his promissory note for $575.00, due sixty days after date— no place of payment being specified. Before the maturity of the note, Eschmeyer discounted it to the appellant, German National Bank, having its place of business in the State of Ohio. In 1908 the bank brought suit upon the note, and Zimmer in his answer pleaded that the note had been placed on the footing of a bill of exchange by the Ohio law and so the action upon it was barred by the five year Kentucky statute of limitation, which was relied on. The lower court holding that the answer presented a good defense, dismissed the petition and the bank appeals.

Section 2515 of the Kentucky Statutes reads in part:

"* * * An action upon a bill of exchange, check, draft, or any endorsement thereof or upon a promissory note, placed upon the footing of a bill of exchange, * * * shall be commenced within five years next after the cause of action accrued."

As the cause of action upon the note accrued more than five years before the institution of this action, the Kentucky Statute of limitation is controlling, if the note was placed upon the footing of a bill of exchange. The statute of Ohio set out in the answer reads:

"All bonds, promissory notes, bills of exchange, foreign and inland, and checks for a sum certain, and payable to any person or order, or to any persons or assigns, shall be negotiable by endorsement thereon, and all such instruments payable to a person or bearer shall be negotiable by delivery. So as absolutely to transfer and vest the property thereof in each and every endorsee or holder successively."

And it was held in Stevens v. Gregg, 89 Ky., 461, that under this statute a promissory note like the one in suit executed in and payable in the State of Ohio was placed on the footing of a bill of exchange. But, it is said that no place of payment is specified in the note and therefore it should not be treated as an Ohio contract for the purpose of fixing its status as commercial paper. It is true that no place of payment was mentioned in the note, but it was executed in the State of Ohio and discounted by the appellant bank that now ownes and holds it in that State, and in the absence of any evidence to the contrary should be treated as payable there. Bain v. Wilson, 1 J. J. Mar., 202; Sanders v. Norton, 4 T. B. Mon., 464; 30 Cyc. 1185. As the note was placed upon the footing of a bill of exchange by the laws of Ohio, in an action brought upon it in this State the Kentucky Statute of limitation applies. McArthur v. Goddin, 12 Bush, 274; Labatt v. Smith, 83 Ky., 599. And so the answer presented a complete defense, and the judgment of the lower court is affirmed.