David C. SEITTER, Trustee of the Bankruptcy Estate of Select Brands Industries, Inc.,

v.

Frederick P. SCHOENFELD, et al.

v.

LAVENTHOL AND HORWATH CERTIFIED PUBLIC ACCOUNTANTS, Third–Party Defendant.

Civ. A. No. 87–2074–S.

United States District Court, D. Kansas.

Jan. 8, 1988.[*]

* This opinion was previously published at 678 F.Supp. 831.

George M. Bock, Richard F. Adams, John J. Williams, III, Peter R. Barr, Slagle & Bernard, Kansas City, Mo., Thomas Hamill, Steven R. Anderson, Perry & Hamill, Overland Park, Kan., for plaintiff.

David C. Seitter, Trustee, Overland Park, Kan.

William A. Montgomery, J. Mark Fisher, Marc W. O'Brien, Schiff Hardin & Waite, Chicago, Ill., J. Nick Badgerow, Basil W. Kelsey, Mendel Small, Spencer, Fane, Britt & Browne, Overland Park, Kan., Dennis R. Dow, Shook, Hardy & Bacon, Kansas City, Mo., J. Richard Golub, Shook, Hardy & Bacon, Overland Park, Kan., Mendel Small, Spencer, Fane, Britt & Browne, Kansas City, Mo., Samuel A. Haubold, Stephen R. Patton, Gregory L. Padgett, Kirkland & Ellis, Chicago, Ill., George E. Leonard, Joel Pelofsky, Shughart, Thomson & Kilroy, Kansas City, Mo., William V. North, Anthony F. Rupp, Shughart, Thomson & Kilroy, Overland Park, Kan., R. Pete Smith, Michelle M. Sutter, James S. Willis, McDowell, Rice & Smith, Chartered, Kansas City, Kan., Gerald L. Jenkins, Goldberg, Kohm, Bell, Black, Rosenbloom & Mortiz, Ltd., Robert R. Watson, Bryan Krakauer, Sidley & Austin, Chicago, Ill., Kent E. Whittaker, Charles D. Horner (member of Kansas Bar), Hillix, Brewer, Hoffhaus, Whittaker & Horner, Kansas City, Mo., Alan C. Kohn, Robert A. Useted, Kohn,

Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

Several motions are pending before the court in the above-captioned case. Plaintiff Seitter, the trustee in bankruptcy for Select Brands, Inc. ("Seitter/SBI") seeks an order from this court for leave to file its second amended complaint and its first amended third-party complaint. Laventhol & Horwath ("Laventhol") is the third-party defendant in this action, and asks this court to dismiss the complaint against it; in the alternative, it seeks dismissal of the fraud allegations in the third-party complaint for lack of particularity, or a more definite statement. Seitter/SBI also asks for dismissal of the counterclaim brought against it by defendant Citicorp Industrial Credit, Inc. ("CIC"). CIC asks for oral argument on that motion.

This case arises out of the bankruptcy of Select Brands, Inc. Plaintiff Seitter was appointed the trustee in bankruptcy. The trustee brought this action and this court withdrew the reference to the bankruptcy court. Plaintiff's claim states several causes of action arising out of the sale of Select Brands stock. Defendants CIC and Select Stock Acquisition Corporation ("SSAC") counterclaimed for fraud, negligent misrepresentation, breach of warranty and breach of contract. Plaintiff then impleaded Laventhol, which reviewed plaintiff's financial statements used in the stock sale.

The court will address each of the pending motions separately.

## I. Second Amended Complaint

SBI seeks to amend its first amended complaint by adding the Central Bank of the South in its individual capacity ("Bank/Individual") as an additional party, and by adding additional theories of recovery. Two of the defendants—Select Brands Industries, Inc. Employee Stock Ownership Plan and Trust ("Plan") and Central Bank of the South in its capacity as Trustee of the Plan ("Bank/Trustee")—strongly oppose the amendments on several grounds. First, they claim that the proposed amendments are untimely and prejudicial. They also claim that the addition of the Bank/Individual would be improper because such an addition would be futile and subject to motions to dismiss and to strike under Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure. They argue that the claims against Bank/Individual for fraudulent transfer and intentional fraudulent transfer, 11 U.S.C. §§ 548 and 550, are valid only against a "transferee", 11 U.S.C. § 550, and Bank/Individual is not alleged in the complaint to be a transferee. Finally, they allege that the remaining amended counts state claims for "wrongful distribution" of trust assets, and are improper in the context of a claim for fraudulent transfer.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. That rule provides in part that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The United States Supreme Court, in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) indicated that a motion to amend should be denied only if it is untimely, or would be prejudicial or futile. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230 (1962); *see also Childers v. Independent School Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir.1982). The decision to grant a motion to amend is within the sound discretion of the court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971).

The court will first address defendants' argument that the second amended complaint does not name Bank/Individual as a "transferee." The court finds that this argument is without merit. Only transferees of property may be held liable on a fraudulent transfer claim. 11 U.S.C. § 550. The second amended complaint alleges that the assets in question were fraudulently transferred to the Plan at a time when the Bank was the Trustee. The

trustee holds legal title to the corpus. Restatement (Second) of Trusts, § 2, comment f (1959). Therefore, as trustee, the Bank holds legal title to the corpus of the Plan. The court should not concern itself with the capacity of the legal title holder until it is called upon to determine whether the trust must indemnify the Bank. *Id.* at 261, comment b (1959). In the meantime, the bank received legal title to the trust corpus; the second amended complaint states that legal title to the corpus was *transferred* to the Bank. The court finds that the second amended complaint sufficiently alleges the Bank's transferee status, and this satisfies the requirement of 11 U.S.C. § 550.

The court will next address defendants' argument that SBI's claim for "wrongful distribution" of trust assets is improper. The argument advanced by defendant has two parts. First, they argue that any claim for "wrongful distribution" against the trustee of the Plan is preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* Section 514(a) of ERISA provides that all causes of action based on state law which "relate to any employee benefit plan" are superseded by ERISA. 29 U.S.C. § 1144(a). They go on to argue that even if plaintiff sought to convert the claim for "wrongful distribution" into a claim under ERISA, this would be futile because plaintiff lacks standing to bring such a claim. Only plan participants, plan fiduciaries, and plan beneficiaries have standing to bring an ERISA challenge. 29 U.S.C. § 1132(a).

The defendants are correct in pointing out that the United States Supreme Court has repeatedly stated that ERISA's preemption clause sweeps broadly. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). However, to say the clause "sweeps broadly" is not to say that it is all-inclusive. There is danger in overgeneralization. A closer examination of the cases cited by defendants reveals this. The Court in *Dedeaux* noted that the intent of Congress in passing ERISA was to "protect ... participants in employee benefit plans and their beneficiaries." *Dedeaux*, 107 S.Ct. at 1551 (citing § 2(b) of ERISA, 29 U.S.C. 1001(b)). In the same opinion, the court noted the Congressional purpose of providing a federally-regulated scheme by which participants and beneficiaries of a plan could enforce their rights. *Id.* at 1555, 1557.

"The question whether a certain state action is preempted by federal law is one of Congressional intent." *Dedeaux*, 107 S.Ct. at 1552, quoting *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 203, 105 S.Ct. 1904, 1907, 85 L.Ed.2d 206 (1985). "The purpose of Congress is the ultimate touchstone" in legislative interpretation. *Retail Clerks Int'l Ass'n Local 1625 v. Schermerhorn*, 375 U.S. 96, 103, 84 S.Ct. 219, 222, 11 L.Ed.2d 179 (1963).

■ "This court concludes that the purpose of Congress in passing ERISA was to establish a uniform system by which plan participants and beneficiaries could enforce their rights. However, the question before this court today is not the enforcement of a plan according to federal regulations. Instead, the court is faced with a bankruptcy trustee who might claim a property right in the trust corpus pursuant to federal bankruptcy law, and who has stepped into the shoes of a party to a contract which has allegedly been breached. By no stretch of the imagination could it be said that Congress intended to destroy a cause of action under state law for parties other than plan participants or beneficiaries. The court doubts also that in passing ERISA, Congress intended to substantively alter the bankruptcy trustee's rights provided in the federal bankruptcy code. Instead, Congress only meant to restrict enforcement of participant or beneficiary rights to actions under one, uniform federal law.

The defendants have cited no cases to the court in which it has been held that employers or their representatives with otherwise valid state law claims against the trustee of an employee benefit plan were precluded from bringing those claims due to ERISA. In fact, the only cases cited to the court by defendants involved parties

who were not plan participants or beneficiaries and who sought to bring a cause of action expressly under ERISA. They did not, in contrast, seek to bring otherwise valid state law claims and fail because of ERISA preemption.

■ Congress' primary purpose in passing ERISA was to provide a uniform scheme for enforcing benefit payments from employee benefit plans. Congress did not intend to destroy the state law claims of third parties against plan trustees, nor did it intend to alter the substantive rights of trustees in bankruptcy. The only question remaining, then, is whether plaintiff has stated a valid cause of action in its second amended complaint. This takes us to the second phase of defendants' arguments.

■ Defendants argue that the law of trusts forbids anyone other than the beneficiary of a trust from bringing an action to enforce the trust. Normally, this is true. *See* Restatement (Second) of Trusts, § 200 (1959). However, there are narrow exceptions to this rule which may apply in this case. The grantor may bring a cause of action against the trustee if the grantor retains an interest in the trust property or if the grantor has made a contract with the trustee. *Id.,* comment b. It appears that the causes of action stated in the second amended complaint may fall under these exceptions. A trustee in bankruptcy has an interest in property which was fraudulently transferred to the trust; this interest arises both under the federal bankruptcy law and under state common law. A trustee in bankruptcy also may have rights as a result of contract. The trustee succeeds to all rights which the debtor had at the time the bankruptcy petition was filed. If the trustee violated any contract it had with the debtor and wrongfully distributed funds from the trust, then the debtor's successor may be able to go against the plan trustee personally for any losses the bankruptcy estate may suffer as a result of that wrongful action.

The court need not address these substantive questions here. It is sufficient at this point to say that defendants' argument fails; the court cannot find that plaintiff's claims as successor to the trust's settlor are insufficient as a matter of law. Plaintiff will still need to show that it retained rights in the trust and/or had a contractual right which was breached. However, at this point, the court sees no reason which would justify denying the plaintiff's motion for leave to file its second amended complaint. The court also finds that the motion for leave to file is not untimely, since it was filed within the time allowed within the scheduling order. Nor would it be unduly prejudicial to allow amendment, since discovery is far from complete and the "new" party has been present in the litigation from the beginning in its capacity as trustee for the Plan. Therefore, plaintiff's motion will be granted.

## II. CIC's Counterclaim for Negligent Misrepresentation

Seitter/SBI asks for dismissal of CIC's counterclaim against it for negligent misrepresentation.[1] CIC claims SBI provided false financial information, upon which CIC relied in entering into a loan agreement and advancing funds to SBI. Seitter/SBI argues that a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is in order, because CIC has failed to state a claim upon which relief may be granted. It contends that Illinois law governs the tort claim, and that Illinois law does not recognize a cause of action for negligent misrepresentation under the stated facts. CIC, on the other hand, concedes that it has not stated a cause of action under Illinois law for negligent misrepresentation, but argues that Kansas law applies. It contends that Kansas law would recognize a cause of action under the stated facts.

The court has determined that oral argument would not be of material assistance in the determination of this matter. Rule

---

1. SSAC's counterclaim for negligent misrepresentation was dismissed by joint stipulation of the parties.

15(d), Rules of Practice of the United States District Court for the District of Kansas. It will therefore proceed to dispose of the present motion.

In determining the applicable law, a federal court hearing a non-federal claim must apply the substantive law of the state in which it sits, including that state's choice of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *Robert A. Wachsler, Inc. v. Florafax Int'l, Inc.*, 778 F.2d 547, 549 (10th Cir.1985). Kansas follows the First Restatement approach, which commands that in a tort case, the law of the "place of the wrong" controls. *Ling v. Jan's Liquors*, 237 Kan. 629, 634, 703 P.2d 731, 735 (1985); Restatement of Conflicts § 378 (1934). Kansas courts have determined that the "place of the wrong" is that place where the last event necessary to impose liability took place. *Ling*, 237 Kan. at 634–35, 703 P.2d at 735. Normally, in a tort case, this would be the place where the injury occurred. *Id.*

CIC's argument that Kansas law applies is based upon three events: 1) the fact that CIC loaned the money to SBI in Kansas, 2) the fact that SBI defaulted on its loan from CIC in Kansas, where SBI was located, and 3) the fact that much of the collateral securing CIC's loan was located in Kansas; CIC was forced to foreclose on SBI's assets in Kansas, and incurred expenses in liquidating those assets in Kansas. This may all be true, but these facts do not guide the court to the location of CIC's injury. The cause of CIC's injuries may have occurred in Kansas, but the effects of SBI's alleged actions were felt in Illinois. CIC's offices are in Illinois; any false representations took place during the negotiations there, and CIC suffered injury at its location there.[2] SBI's actions in Kansas do not control here, because those actions were not the last events necessary to impose liability. *Id.* The last event was

instead CIC's injury, and that injury occurred at CIC's location in Illinois.

CIC concedes that if Illinois law applies, a 12(b)(6) dismissal is in order, since Illinois does not recognize a cause of action for negligent misrepresentation under the facts of this case. Therefore, Seitter/SBI's motion to dismiss CIC's counterclaim for negligent misrepresentation will be granted.

### III. Third Party Complaint

Several motions are before this court concerning the plaintiff's claim against Laventhol & Horwath ("Laventhol") as a third-party defendant on the counterclaims. Laventhol has filed a motion to dismiss the plaintiff's third-party complaint against it and asks alternatively for dismissal of the fraud allegations of the third-party complaint for lack of particularity, or for a more definite statement. Partially in response to Laventhol's objections to the original third-party complaint, Seitter/SBI has moved for leave to file a first amended complaint, which adds two new counts to the original complaint.

The court has determined that oral argument would not be of material assistance in the determination of this matter. Rule 15(d), Rules of Practice of the United States District Court for the District of Kansas. It will therefore proceed to decide the present motions.

In its original third-party complaint, Seitter/SBI sought indemnity and contribution from Laventhol for any damages owed CIC and SSAC as a result of their counterclaims against Seitter/SBI. CIC and SSAC have counterclaimed against Seitter/SBI for fraud, negligent misrepresentation,[3] breach of contract and breach of warranty because of deficiencies in financial statements relied upon in their purchase of stock. Laventhol examined and certified at least a portion of that statement. There-

---

**2.** The court also rejects CIC's argument that its injuries occurred at its corporate headquarters in New York. All negotiations took place with Illinois personnel in the Illinois offices. Notice of default was also sent to Illinois. The transaction was plainly centered around CIC's Illinois

location, and the location of the company's national headquarters is not controlling in this factual situation.

**3.** But see note 1, *supra.*

fore, Seitter/SBI claims it is entitled to indemnity and/or contribution from Laventhol for any amounts it will ultimately owe CIC and SSAC.

■ Laventhol argues that Seitter/SBI is not entitled to contribution because under Kansas law contribution is not available between joint wrongdoers. It further argues that indemnity is not available under Kansas law because if Seitter/SBI is found liable on the counterclaims, he will be adjudged the "active wrongdoer." Laventhol would only be, at most, a "passive" wrongdoer. Laventhol bases this argument on the fact that Seitter/SBI prepared the financial statements, while Laventhol merely examined them. Under Kansas law, an "active" wrongdoer may not be indemnified by a "passive" wrongdoer; to be an "active" wrongdoer the party's negligence must have been greater than and of a different character than that of the "passive" wrongdoer. *Russell v. Community Hospital Ass'n, Inc.*, 199 Kan. 251, 257, 428 P.2d 783, 788 (1967).

Seitter/SBI responded to Laventhol's arguments in two ways. It sought to add two counts to its complaint which were not based upon the theories of contribution and indemnity, and it argued that Illinois law, not Kansas law, applied to the question of whether contribution and indemnity are available.

■ Rule 14's provision for impleading third-parties is a narrow one, to be used only when the claim is derivative of the original claim. It is not a device by which a party may bring up any claim it has which arises out of the same core of operative facts as the original claim. 3 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 14.04 (2d ed. 1987). However, once a party is properly impleaded under Rule 14, the third-party plaintiff may also raise any other related claims over which the court has ancillary jurisdiction. *Id.* at ¶ 14.26.

To the extent that Counts I and II of plaintiff's first amended third-party complaint state independent causes of action against Laventhol, those Counts are not properly before this court unless Laventhol

has otherwise been properly impleaded under Rule 14. Laventhol has been properly impleaded only if Seitter/SBI has a substantive right of contribution and/or indemnity against Laventhol. To determine whether Seitter/SBI has that substantive right, we must first determine whether Illinois or Kansas law applies.

A federal court addressing a non-federal claim must apply the substantive law of the state in which it sits, including that state's choice of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. at 496, 61 S.Ct. at 1021; *Robert A. Wachsler, Inc. v. Florafax Int'l, Inc.*, 778 F.2d at 549. Kansas still follows the approach set out in the First Restatement of Conflicts. The established rule under the First Restatement is that the law of the place of the wrong controls. *Ling v. Jan's Liquors*, 237 Kan. at 634, 703 P.2d at 735; Restatement of Conflicts § 378.

The parties agree on this rule, but they disagree as to which "wrong" the court should look. Laventhol argues that the basis of the third-party claim is Laventhol's breach of its duties owed to SBI; had Laventhol properly examined and certified SBI's financial statements, SBI would not have given inaccurate information to CIC and SSAC, and SBI would therefore not be liable to CIC and SSAC. It argues, therefore, that this is the "wrong" to which the court should look. Seitter/SBI argues that the underlying, original action is the "wrong" to which the court should look; the original representations made by SBI to CIC and SSAC are the basis of the original counterclaim, and it is from that claim that the third-party claim derives.

■ The court is not aware of any case law in Kansas which addresses the issue here: in a claim for contribution, which "wrong" should the court look to in order to determine the choice of law? However, several authorities soundly reason that the court should look to the location of the original wrong for the applicable law. For instance, the Sixth Circuit applied Michigan choice of law rules in *General Motors Corp. v. National Auto Radiator Mfg.*

*Co.*, 694 F.2d 1050 (6th Cir.1982). Michigan also uses the First Restatement "place of the wrong" rule. The court concluded that in a contribution or indemnity claim, the applicable law is that of the place where the original tort occurred. "The rationale offered by the courts for this conclusion is that since an action for indemnity or contribution is entirely derivative from the principal claim it also should be governed by the law of the place where the principal claim arose." *General Motors Corp. v. National Auto Radiator Mfg. Co.*, 694 F.2d at 1053. The same conclusion is also set out in Annotation, *What Law Governs Right to Contribution or Indemnity Between Tortfeasors*, 95 A.L.R. 2d 1096, 1099 (1964), and in 3 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 14.03(3) (2d ed. 1987). Two Tenth Circuit cases have also followed the rule, although in both cases the parties did not appear to dispute the choice of law. *Allied Mutual Casualty Corp. v. General Motors Corp.*, 279 F.2d 455, 457 (10th Cir. 1960) (right to indemnity determined by law of state where act giving rise to right occurred); *Security Ins. Co. of New Haven v. Johnson*, 276 F.2d 182, 185 (10th Cir. 1960) (law of place of tort governs). The court will follow this rule, and look to the place of the original injury for its choice of law.

We next move to the question of where the underlying tort occurred: where did SSAC and CIC suffer injury? Laventhol concedes that this occurred in Illinois. CIC claims that SBI's financial statement induced it into a loan agreement and it advanced funds to SBI. SSAC claims the statement induced it into an agreement to purchase SBI's stock. Any alleged fraud which caused SSAC's and CIC's subsequent injury occurred in Illinois. The representations were made there during negotiations, and CIC and SSAC allegedly suffered injury at their locations in Illinois. In a tort action, the law of the place of injury controls. Restatement of Conflicts § 377. Any injury CIC or SSAC suffered as a result of SBI's alleged fraudulent actions occurred in Illinois. The law of Illinois

therefore governs any derivative actions against Laventhol.

With the above legal analysis as a basis, the resolution of the issue before the court is simple; Seitter/SBI may properly bring a claim for contribution against Laventhol for any injury which SBI may have caused SSAC and CIC. Independent claims against Laventhol for breach of contract, breach of warranty, and misrepresentation are also properly included in this action as third-party claims pursuant to this court's ancillary jurisdiction. Since SBI concedes the indemnity claim is not needed, that portion of SBI's original complaint will be dismissed, and the motion for leave to file a first amended third-party complaint will be denied to the extent that complaint includes a claim for indemnity (Count IV). Otherwise, Laventhol's motion to dismiss the third-party complaint will be denied, and Seitter/SBI's motion for leave to file a first amended third-party complaint will be granted.

Finally, Laventhol moves alternatively for a dismissal of the fraud allegations in the original third-party complaint for lack of particularity, or for a more definite statement. Seitter/SBI responds by admitting that even though CIC and SSAC bring claims for fraud against Seitter/SBI, it makes no claim for fraud against Laventhol in its third-party complaint. Therefore, Laventhol's motion to dismiss the fraud allegation or for a more definite statement will be denied.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for leave to file its second amended complaint is granted. IT IS FURTHER ORDERED that plaintiff's motion to dismiss Citicorp Industrial Credit, Inc.'s counterclaim against it for negligent misrepresentation is granted. IT IS FURTHER ORDERED that Citicorp Industrial Credit, Inc.'s motion for oral argument is denied. IT IS FURTHER ORDERED that Laventhol & Horwath's motion for oral argument is denied. IT IS FURTHER ORDERED that Laventhol & Horwath's motion to dismiss is denied. IT IS FURTHER ORDERED that plaintiff's motion for leave to file its

first amended third-party complaint is denied to the extent that complaint states a claim for indemnity (Count IV); otherwise, the motion to amend is granted. The clerk will file the second amended complaint and the first amended third-party complaint on the date of this order.