MAIN, Justice.
Precision Gear Company, Precision Gear LLC, and General Metal Heat Treating, Inc. (hereinafter collectively referred to as “the gear manufacturers”), third-party defendants in the underlying action, were granted permission to appeal from the trial court’s interlocutory order denying their motion to dismiss the third-party claims against them filed by Continental Motors, Inc. See Rule 5, Ala. R.App. P. The trial court certified the following controlling question of law:
“In an action for non-contractual indemnification arising from an accident and alleged damage[ ] in Oklahoma, does Alabama’s six year statute of limitation for implied contract actions control because Oklahoma law considers Oklahoma common law and Oklahoma statutory claims for indemnity as claims based upon contract implied in law or quasi-contract, or does Alabama’s two year statute of limitation for tort actions control?”
We conclude that Alabama’s two-year statute of limitations applies in this action and that Continental Motors’ claims against the gear manufacturers are therefore time-barred. We reverse and remand.
I. Factual Background and Procedural History
On July 24, 2005, an aircraft accident occurred in Ada, Oklahoma. The accident was caused by the failure of one of two engines on the aircraft. The accident resulted in the deaths of the three persons who had been aboard the aircraft (hereinafter referred to as “the decedents”). All the litigation concerning the 2005 aircraft accident has taken place in Alabama. The decedents’ personal representatives filed an action in the Mobile Circuit Court in 2007 alleging wrongful death and defective *955 product (“the Womack litigation”) and naming as defendants Cessna Aircraft Company, Teledyne Continental Motors, Inc., Tulsair Beechcraft, Inc., Precision Gear Company, Precision Gear LLC (Precision Gear Company and Precision Gear LLC are hereinafter referred to as “Precision Gear”), and General Metal Heat Treating, Inc. The central allegation in the Womack litigation was that the crankshaft gear in the right engine was defective and that this defect caused the accident. Cessna manufactured the aircraft; Teledyne Continental manufactured the engine that failed; Tulsair Beechcraft installed the engine on the aircraft; Precision Gear manufactured the gear alleged to have been faulty; and General Metal heat-treated that gear. All the defendants settled the claims against them in the Womack litigation.
In June 2011, Tulsair Beechcraft sued Continental Motors in the Mobile Circuit Court, seeking statutory indemnity under Oklahoma law.[1] Tulsair Beechcraft contended it was not negligent, in that it received the allegedly defective aircraft engine fully assembled and merely installed it on the aircraft. Tulsair Beechcraft further contended that disassembly of an engine in order to check each part for potential defects was neither required nor prudent and, therefore, that it was entitled to reimbursement for its litigation expenses and the $250,000 it paid to settle the claims asserted against it in the Wom-ack litigation. Continental Motors then filed what the trial court described in the controlling question of law in this case as “non-contractual indemnification” claims against the gear manufacturers seeking to recover the $4,974,036.25 Teledyne Continental had paid to defend and settle the Womack litigation.[2] Continental Motors alleges that the defective crankshaft gear failed to meet the applicable specifications it provided to Precision Gear for the fabrication of the gear and to General Metal for the heat treatment of the gear.
Precision Gear and General Metal moved separately to dismiss Continental Motors’ indemnity claims. They argued, among other things, that Continental Motors’ indemnity claims are time-barred by Alabama’s two-year statute of limitations for indemnity actions arising from tort claims. Continental Motors opposed the motions, arguing that Oklahoma substantive law classifies indemnity claims as quasi-contractual and, therefore, that Alabama’s six-year statute of limitations for contract claims governs its indemnity claims.
The trial court determined that because an indemnity action is derived from the principal claim, an indemnity action should be governed by the law of the place where the principal claim arose. The principal claim in this case was the wrongful-death claim, and there is no dispute that the aircraft accident and the decedents’ deaths occurred in Oklahoma. Relying on cases from other jurisdictions because it found no Alabama law on point, the trial court concluded that a claim for indemnity is governed by the law of the state where the underlying tort occurred. The trial court further concluded that it must apply an Alabama statute of limitations. The trial court then concluded that because Oklahoma law considers an action for indemni *956 ty one based on quasi-contract, the applicable statute of limitations was Alabama’s six-year statute of limitations for contract actions. Based on those conclusions, the trial court held that Continental Motors’ indemnity claims were not time-barred and denied the gear manufacturers’ motions to dismiss.
The gear manufacturers then filed a joint motion asking the trial court to certify the statute-of-limitations issue for an interlocutory appeal to this Court pursuant to Rule 5, Ala. R.App. P. After a response from Continental Motors, the trial court granted the joint motion and certified the previously quoted controlling question of law for permissive appeal. This Court granted the gear manufacturers’ petition for permission to appeal.
II. Standard of Review
“Under Rule 5, Ala. R.App. P., a trial judge should certify for appeal an interlocutory order when that order ‘involves a controlling question of law as to which there is substantial ground for difference of opinion, [and when] an immediate appeal from the order would materially advance the ultimate termination of the litigation and ... would avoid protracted and expensive litigation.’ The trial court’s action in certifying an order pursuant to Rule 5 is discretionary. ...”
Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 762 (Ala.2002). “In conducting our de novo review of the question presented on a permissive appeal, ‘this Court will not expand its review ... beyond the question of law stated by the trial court. Any such expansion would usurp the responsibility entrusted to the trial court by Rule 5(a)[, Ala. R.App. P.].’ BE&K, Inc. v. Baker, 875 So.2d 1185, 1189 (Ala.2003).” Regions Bank v. Kramer, 98 So.3d 510, 513 (Ala.2012). Therefore, the only issue before this Court is the issue framed in the previously quoted question of law.
III. Analysis
In a conflict-of-laws situation, the principles that govern which state’s substantive law applies to the case before us are well settled.
“Alabama law follows the traditional conflict-of-law principles of lex loci con-tractus and lex loci delicti. See Liberty Mut. Ins. Co. v. Wheelwright, 851 So.2d 466 (Ala.2002). Under the principles of lex loci contractus, a contract is governed by the law of the jurisdiction within which the contract is made. Cherry, Bekaert & Holland v. Brown, 582 So.2d 502 (Ala.1991). Under the principle of lex loci delicti, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred. Fitts v. Minnesota Mining & Mfg. Co., 581 So.2d 819 (Ala.1991).”
Lifestar Response of Alabama, Inc. v. Admiral Ins. Co., 17 So.3d 200, 213 (Ala.2009) (footnote omitted). The trial court so stated, and we agree. We also agree with the trial court’s conclusion that “a claim for contribution or indemnity is governed by the law of the state where the underlying tort occurred.”[3]
*957 As to matters of procedure, however, Alabama applies its own procedural law, i.e., the law of the forum. Middleton v. Caterpillar Indus., Inc., 979 So.2d 53, 57 (Ala.2007) (“Although lex loci delicti governs substantive law, lex fori — the law of the forum — governs procedural matters.”). This Court has also held that, in most instances, statutes of limitations are procedural matters.
“Thus, we will apply another state’s statute of limitations only when it is demonstrated that ‘the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.’ ”
Etheredge v. Genie Indus., Inc., 632 So.2d 1324, 1327 (Ala.1994) (quoting Cofer v. Ensor, 473 So.2d 984, 987 (Ala.1985)). In denying the gear manufacturers’ motions to dismiss, the trial court concluded:
“Continental [Motors] claims indemnity from Precision [Gear] and [General Metal] pursuant to both Oklahoma common law and Okla. Stat. tit. 12, § 832.1. Section 832.1(A) states that ‘[a] manufacturer shall indemnify and hold harmless a seller against loss arising out of a product liability action, except for any loss caused by the seller’s negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable.’ Oklahoma common law also ‘reeognize[s] a right of indemnity when one — who was only constructively liable to the injured party and was in no manner responsible for the harm — is compelled to pay damages because of the tortious act by another.’ Braden v. Hendricks, 695 P.2d 1343, 1349 (Okla.1985).
“Oklahoma’s common law indemnity is not a right created by statute, and thus the criterion for applying another state’s statute of limitations is not applicable to this cause of action. Okla. Stat. tit. 12, § 832.1 does not itself impose a limitations on claims made pursuant to it, and no other Oklahoma statute of limitations has been cited as being ‘inextricably bound up’ in it. Therefore, the Court will apply Alabama’s statutes of limitation to [Continental’s indemnity claims].”
We agree with the trial court’s conclusions to this point.
The gear manufacturers and Continental Motors agree that because the injury in this case occurred in Oklahoma, Oklahoma law governs the substantive rights of the parties. They also agree that because Alabama is the forum state, Alabama law governs the procedural matters in this litigation. The gear manufacturers and Continental Motors disagree, however, as to which statute of limitations applies— the statute applicable to torts or the statute applicable to contracts — because Alabama and Oklahoma characterize a claim for indemnity differently. Alabama law characterizes an action for noncontractual indemnity as a tort. “‘The basis for indemnity is restitution, and the concept that one person is unjustly enriched at the expense of another when the other discharges liability that it should be his responsibility to pay.’ ” Amerada Hess Corp. v. Owens-Coming Fiberglass Corp., 627 So.2d 367, 370 (Ala.1993) (quoting Restatement (Second) of Torts § 886B cmt. c (1977)). As the trial court correctly stated, Oklahoma law characterizes an indemnity claim not as a claim sounding in tort, but in contract:
“Unlike Alabama, Oklahoma considers an action for indemnity as one based on quasi-contract or a contract implied in law. See Porter v. Norton-Stuart Pontiac-Cadillac of Enid, 405 P.2d 109, 113 (Okla.1965) (characterizing Oklahoma’s common law cause of action for indemnity as being based on ‘an implied, as *958 opposed to an express, contract of indemnity.’); Booker v. Sears Roebuck & Co., 785 P.2d 297, 800 (Okla.1989) (non-contractual or equitable ‘duty to indemnify is in the nature of a quasi-con-tractf.]’) (Summers, J., concurring).”
(Some citations omitted.) If an indemnity claim is characterized as contractual, then under Alabama procedural law a six-year statute of limitations would apply, and Continental Motors’ indemnity claims are timely. However, if such a claim is viewed as sounding in tort, then under Alabama procedural law a two-year statute of limitations would apply, and Continental Motors’ indemnity claims are time-barred. Ex parte Stonebrook Dev., L.L.C., 854 So.2d 584, 591 (Ala.2003) (stating that the two-year statute of limitations in § 6-2-38(0, Ala.Code 1975, applies to noncon-tractual indemnity claims). The disposi-tive issue before this Court, then, is which state’s law is to be applied in characterizing the claim.
The trial court applied Oklahoma substantive law and concluded that the applicable Alabama statute of limitations would be the six-year statute of limitations for contracts. It is here that we disagree with the trial court’s analysis.
The gear manufacturers argue that the law of the forum determines the characterization of the claim for statute-of-limitations purposes; They cite several federal cases in which the federal court, sitting in a diversity case, applied conflict-of-laws principles to decide which state’s statute of limitations applied to a particular claim. In all of these jurisdictions, the court applied the law of the forum to characterize the nature of the claim. In O’Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir.1992), a case litigated in Alabama, the United States Court of Appeals for the Eleventh Circuit applied a conflict-of-laws analysis to determine whether a claim would be characterized as a contract or a tort claim, and concluded that “the decision of what kind of case is involved is governed by Alabama law, and Alabama characterizes this as a tort case.”[4] Several state jurisdictions also follow the principle that the law of the forum state characterizes the claim.[5]
*959 The gear manufacturers also rely on § 124 of the Restatement (Second) of Conflict of Laws (1971) (“the Restatement of Conflict ”) to support their argument. Section 124 states: “The local law of the forum determines the form in which a proceeding may be instituted on a claim involving foreign elements.” Comment a. to § 124 further explains:
“The local law of the forum determines such questions as whether a proceeding on a foreign claim shall be brought at law or in equity, whether the action shall be in tort or contract and, if in contract, whether it shall be in assumpsit, covenant or debt....”
(Emphasis added.)
Continental Motors first argues that this Court should not consider the gear manufacturers’ argument that the Restatement of Conflict applies because, it states, the gear manufacturer's did not argue before the trial court that the Restatement of Conflict should apply when characterizing a claim for the purpose of determining the applicable statute of limitations. Although this Court has often stated that we will not reverse a judgment based on an argument made for the first time on appeal,[6] we have never held that a party cannot cite in its appellate brief additional or different authorities in support of an argument initially made to the trial court. We have reviewed the motions and briefs filed in the trial court by the gear manufacturers; they clearly argued there that the law of the forum should control the characterization of a claim for conflict-of-laws purposes. Therefore, we see no impediment to our considering that argument and the supporting authorities in the gear manufacturers’ appellate briefs.
Continental Motors further argues that because Oklahoma substantive law governs its indemnity claims, the nature of its indemnity claims under Oklahoma law controls the determination of which Alabama statute of limitations applies. Therefore, Continental Motors argues, the trial court correctly applied Oklahoma law in deciding that Alabama’s six-year statute of limitations for contracts applies. In support of its argument, Continental Motors relies on Denton v. Sam Blount, Inc., 669 So.2d 951 (Ala.Civ.App.1995); Velde v. Swanson, 679 S.W.2d 627 (Tex.App.1984); Leek v. Wieand, 2 N.J.Super. 339, 63 A.2d 828 (1949); and German National Bank v. Zimmer, 141 Ky. 401, 132 S.W. 1023 (1911). After reviewing these cases, we conclude that they do not provide persuasive authority for the proposition that because Oklahoma law governs Continental Motors’ indemnity claims, the trial court correctly used Oklahoma substantive law to characterize those claims for statute-of-limitations purposes. This Court has not found any caselaw holding that when a foreign state’s, sub *960 stantive law applies to a claim in a confliet-of-laws situation, that state’s substantive law must also be used to characterize the claim for statute-of-limitations purposes.
Finally, Continental Motors argues that the gear manufacturers’ argument that the Restatement of Conflict should apply is contrary to well established Alabama law. Continental Motors construes the gear manufacturers’ argument as asking this Court to “abandon the common law rule of lex loci delicti.” Continental Motors’ brief, at 34. We do not so interpret the gear manufacturers’ argument. The gear manufacturers have cited § 124 of the Restatement of Conflict as one authority of many cited in support of their contention that the law of the forum state is applied to characterize a claim for statute-of-limitations purposes; it is not necessary for this Court to adopt or reject the Restatement of Conflict in deciding this case. Whatever our decision, as stated previously, Alabama law applies the rule of lex loci delicti to determine the substantive law applicable to tort claims brought in an Alabama court when the underlying injury occurred in another state. That rule is applicable in this case. Oklahoma substantive law clearly applies to Continental Motors’ claims, but Alabama law applies to any procedural matters before the trial court.
After reviewing the trial court’s order, the parties’ arguments, and the authorities provided to this Court, we conclude that the great weight of authorities from the federal courts and from other states that have considered the question before us have concluded that the law of the forum state should be used to characterize a claim before it for statute-of-limitations purposes. We find those authorities persuasive, and we conclude that in this case Alabama law should be used to characterize Continental Motors’ indemnity claims. Under Alabama law, an indemnity claim is a tort claim; therefore, Alabama’s two-year statute of limitations in tort actions applies. Because Continental Motors brought its indemnity claims more than two years after the date on which they accrued, those claims are barred by Alabama’s two-year statute of limitations, and the trial court erred when it denied the gear manufacturers’ motions to dismiss.
One final matter remains for our consideration. After this Court granted the gear manufacturers permission to appeal and the parties had briefed the controlling question of law presented, Continental Motors filed a motion it entitled a “motion to affirm based on [the gear manufacturers’] subsequent actions.” We treat that motion as a motion to dismiss the gear manufacturers’ appeal. As the basis for its motion, Continental Motors states that the gear manufacturers had filed a motion for leave to file a counterclaim against it, which the trial court had granted. Continental Motors then argued that by filing a counterclaim against it, the gear manufacturers “negated any argument that this appeal would advance the termination of this lawsuit or reduce expense” and gained an “advantage based on its failure to timely assert its [counterclaim.” Motion to dismiss, at 5-6. Continental Motors further argues that because the gear manufacturers filed a counterclaim, their “assertions that this appeal will materially advance the ultimate termination of the litigation and would avoid protracted and expensive litigation are no longer true....” Therefore, Continental Motors concludes, a permissive appeal is no longer proper in this case and this Court should affirm the trial court’s order denying the gear manufacturers’ motion to dismiss.
The gear manufacturers filed a response in which they asked this Court either to strike Continental Motors’ motion or to *961 deny it, arguing that the motion is procedurally improper and that the arguments in the motion do not provide this Court with any basis on which to affirm the trial court’s order. This Court’s research has not found any precedent or rule of appellate procedure that would allow us to affirm a trial court’s order based on events that happened after an order has been appealed. Nothing contained in Continental Motors’ motion is a matter of record with this Court, and our review of matters on appeal is limited to the record before us. Marks v. Tenbrunsel 910 So.2d 1255 (Ala.2005). Based on the matters before it at the time, the trial court certified the controlling question of law for a permissive appeal. Whether to so certify a question is discretionary with the trial court, and the trial court did not exceed its discretion in doing so. See Scrushy v. Tucker, 955 So.2d 988, 999 (Ala.2006) (“Such a discretionary standard of review requires a presumption in favor of the ruling of the trial court, and this Court will not set aside that ruling unless we are convinced that the trial court exceeded the discretion vested in it.”). Continental Motors’ motion to dismiss the appeal is due to be denied.
IV. Conclusion
We deny Continental Motors’ motion to dismiss the appeal. We answer the question posed on interlocutory appeal by holding that Alabama’s two-year statute of limitations for tort actions controls in this ease. Therefore, we reverse the judgment of the trial court denying the gear manufacturers’ motion to dismiss and remand the cause for the trial court to dismiss Continental Motors’ indemnity claims against the gear manufacturers on the basis that they are time-barred.
MOTION TO DISMISS APPEAL DENIED; REVERSED AND REMANDED.
MOORE, C.J., and STUART, BOLIN, PARKER, WISE, and BRYAN, JJ., concur.
MURDOCK and SHAW, JJ., dissent.

. Tulsair Beechcraft’s complaint asserts that Continental Motors, Inc., and Teledyne Continental Motors, Inc., the named defendant in the Womack litigation, are the same entity. The gear manufacturers state in their initial brief that they do not concede that the two companies are the same entity but that they have referred to the companies interchangeably in their briefs to this Court.

. The amount sought by Continental Motors in its third-party complaint consists of $4,500,000 paid to settle the Womack litigation and $474,036.25 paid in litigation costs.

. The trial court relied on General Motors Corp. v. National Auto Radiator Manufacturing Co., 694 F.2d 1050, 1052-53 (6th Cir.1982) (“Despite contention by GM that the place of the wrong for its contribution or indemnity claims is Michigan, it is clear that the place where the underlying personal injury occurred, which is Ontario in the present case, has been deemed the place of the wrong for choice-of-law purposes.”); Seitter v. Schoenfeld, 678 F.Supp. 831, 837-38, republished at 88 B.R. 343, 349-50 (D.Kan.1988) ("[I]n a claim for contribution, which 'wrong' should the court look to in order to determine the choice of law? ... [S]everal authorities soundly reason that the court should look to the location of the original wrong for the applicable law.... The court will follow this *957 rule, and look to the place of the original injury for its choice of law.”).

. See, e.g., Drinkall v. Used Car Rentals, Inc., 32 F.3d 329, 331 (8th Cir.1994) (noting that " '[t]he first step in determining whose law is to govern in a conflict situation is the characterization of what kind of case is involved’ ” and that " '[t]he law of the forum controls this’ ”); Forsyth v. Cessna Aircraft Co., 520 F.2d 608, 611 (9th Cir.1975) ("[T]he characterization of an action must be made in accordance with the law of the forum.”); American Heritage Life Ins. Co. v. Heritage Life Ins. Co., 494 F.2d 3, 15 n. 13 (5th Cir.1974) ("Assuming that state law would apply, deciding which state’s law to apply is not an easy task. First, we must characterize the claim. In deciding how the matter should be characterized for conflict of laws purposes, it is clear that the law of the forum should control.”); Fahs v. Martin, 224 F.2d 387, 396 n. 6 (5th Cir.1955) (" ‘The practical solution would appear to resort, as a general rule, to the law of the forum in resolving questions of characterization....’” (quoting Goodrich on Conflict of Laws § 9 (3d ed.))); Berry v. Indianapolis Life Ins. Co., 600 F.Supp.2d 805, 812 (N.D.Tex.2009) ("The characterization of a claim is controlled by the law of the forum state....”); Interbake Foods, L.L.C. v. Tomasiello, 461 F.Supp.2d 943, 957 (N.D.Iowa 2006) ("The first step in determining the actual choice-of-law is to determine the proper characterization of what kind of claim is involved, and the law of the forum controls this question as well.”); Insteel Indus., Inc. v. Costanza Contracting Co., 276 F.Supp.2d 479, 484 (E.D.Va.2003) (noting that " ‘the characterization of an action must be made in accordance with the law of the forum’ ” (quoting Forsyth, 520 F.2d at 611) and further noting that “ 'in deciding how [a] matter should be characterized for conflict of laws purposes, it is clear that the law of the forum should control’ ” (quoting Fahs, 224 F.2d at 396-97)).

. See, e.g., Melia v. Zenhire, Inc., 462 Mass. 164, 175, 967 N.E.2d 580, 591 (2012) ("The characterization of a cause of action as con *959 tract or tort is itself determined by the forum's, in this case New York’s, conflict of laws precedents.” (citing Arakelian v. Omnicare, Inc., 735 F.Supp.2d 22, 37-38 (S.D.N.Y.2010))); Terrazas v. Garland & Loman, Inc., 140 N.M. 293, 296, 142 P.3d 374, 377 (2006) ("The forum applies its own rules in characterizing an issue for conflicts analysis” (citing Restatement of the Law of Conflict of Laws § 7(a) (1934))); Records v. Briggs, 887 P.2d 864, 868 (Utah Ct.App.1994) (" ‘[T]he characterization of an action must be made in accordance with the law of the forum.’ ” (quoting Forsyth, 520 F.2d at 611)); Gordon v. Clifford Metal Sales Co., 602 A.2d 535, 537 (R.I.1992) ("The forum state is also free to characterize the nature of the dispute.” (citing Restatement (Second) of Conflict of Laws § 124 (1971))); McCarthy v. Bristol Labs., 86 A.D.2d 279, 283, 449 N.Y.S.2d 280, 283 (1982) (noting that "the question of how an action is to be characterized must be made in accordance with the laws of the forum State” (citing Restatement (Second) of Conflict of Laws § 124 (1971))).

. Alabama Dep’t of. Transportation v. Williams, 984 So.2d 1092 (Ala.2007); Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992).