MURDOCK, Justice
(dissenting).
“This appeal presents a classic example of the wilderness in which courts sometimes find themselves when searching for solutions to problems arising under the judicial nightmare known as Conflict of Laws.”
Forsyth v. Cessna Aircraft Co., 520 F.2d 608, 609 (9th Cir.1975).
I agree that we must apply the choice-of-law principles of the forum state, in this case Aabama, in order to decide which state’s substantive law will be applied to the claims at issue. Aabama follows the traditional principles of lex loci contractus and lex loci delicti that may direct us to the law of different states depending, at least as a general rule, upon whether the claim at issue is one sounding in contract or tort:
“Aabama law follows the traditional conflict-of-law principles of lex loci con-tractus and lex loci delicti. See Liberty Mut. Ins. Co. v. Wheelwright, 851 So.2d 466 (Ala.2002). Under the principles of lex loci contractus, a contract is governed by the law of the jurisdiction within which the contract is made. Cherry, Bekaert & Holland v. Brown, 582 So.2d 502 (Ala.1991). Under the principle of lex loci delicti, an Aabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred. Fitts v. Minnesota Mining & Mfg. Co., 581 So.2d 819 (Ala.1991).”
Lifestar Response of Alabama, Inc. v. Admiral Ins. Co., 17 So.3d 200, 213 (Ala.2009) (footnote omitted).
The claims in the present case are for indemnity. Application of the conflict-of- *962 law principles as stated above, without more, would require a determination as to whether these indemnity claims arise in contract or in tort and a further determination, if the indemnity claims are deemed to lie in contract, of where that contract was “made” or, if the indemnity claims are deemed to be in tort, of “where the injury occurred.” For choice-of-law purposes, Alabama law characterizes the indemnity claims at issue in this case as arising in tort. Accordingly, were we limited to the articulation of lex loci contractus and lex loci delicti principles as set out in the above-quoted passage from Lifestar, we would be called upon to determine where the injury suffered by the defendants’ failure to indemnify the plaintiff occurred. This is not readily apparent.
Our task in the present case, however, is aided by an additional principle peculiar to claims for contribution and indemnity that either derives from the above-stated choice-of-law rules or, at the least, is not foreclosed by those choice-of-law rules. The main opinion states this additional principle as follows:
“We also agree with the trial court’s conclusion that ‘a claim for contribution or indemnity is governed by the law of the state where the underlying tort occurred.’ [3]
135 So.3d at 956-57 (emphasis added). In like manner, the brief of Continental Motors, Inc. (“CMI”), argues that the traditional rule of lex loci delicti that applies the law of the place of injury to an underlying tort claim extends that same law to a related claim for indemnity or contribution:
“Pursuant to lex loci delicti, the applicable substantive law for an indemnity claim is determined by looking to the law of the underlying case — i.e., the law of the state where the underlying tort occurred. See 95 A.L.R.2d 1096, § 5 (‘It is the general rule that a tortfeasor’s right to indemnity from other tortfea-sors is determined by the law of the place of the tort.’) (citing cases applying lex loci delicti); Am. L. Prod. Liab. 3d § 46:47 (‘[Sjtates that adhere to the traditional rule of lex loci delicti apply the law of the place of injury.... ’); see also Gen. Motors Corp. v. Nat’l Auto Radiator Mfg. Co., Ltd., 694 F.2d 1050, 1052-53 (6th. Cir.1982) (‘Despite the contention by GM that the place of the wrong for its contribution or indemnity claims is Michigan, it is clear that the place where the underlying personal injury occurred, which is Ontario in the present case, has been deemed the place of the wrong for the choice-of-law purposes.’); Fla. Farm Bureau Mut. Ins. Co. v. B & B Miller Farms, Inc., No. 87-1021-C (D.Kan. Sept. 17, 1991) [not reported in F.Supp.] (‘Since the site of the injury was in Florida, the substantive rights of the parties will be determined under Florida law.’); Youell v. Maddox, 692 F.Supp. 343, 348 (D.Del.1988) (‘[T]he right to indemnity would be governed by the law of the place of the underlying tort.’) (applying Delaware law, which utilized lex loci delicti at the time of this decision); Wiener v. United Air Lines, *963 216 F.Supp. 701, 705 (S.D.Cal.1962) (applying lex loci delicti to determine that the law of the place of the underlying injury applies to an indemnity action); First Mount Vernon Indus. Loan Ass’n v. Smith, No. 8-08-cv-02085-AW (D.Md. July 31, 2009) [not reported in F.Supp.2d].”
Brief of CMI, at 25-26.
We are presented in this case with no argument to the contrary of this supplemental principle peculiar to claims for indemnity and contribution. At least insofar as the present case is concerned, therefore, I accept this supplemental principle and look to the substantive law of the state in which occurred the injury giving rise to the underlying tort action. That state in this case is Oklahoma.[7]
The opinion of the Court of Civil Appeals in Denton v. Sam Blount, Inc., 669 So.2d 951 (Ala.Civ.App.1995), indicates that, once it is determined which state’s substantive law is applicable to a claim brought in an Alabama forum, one looks to that state’s substantive law regarding whether the claim is one in contract or in tort for purposes of selecting from among the various limitations periods offered by Alabama law. See also Velde v. Swanson, 679 S.W.2d 627, 629-30 (Tex.Ct.App.1984); Leek v. Wieand, 2 N.J.Super. 339, 349, 63 A.2d 828, 834 (1949); and German Nat’l Bank v. Zimmer, 141 Ky. 401, 132 S.W. 1023 (1911).[8]
How can we not adhere to such a rule? Specifically, if we are to rely on the law of another state for the very existence of a cause of action and for the very substance of that cause of action, how can we reject what that law says as to what that substance is — contract or tort? [9]
Thus, once it is determined that the substantive law of the State of Oklahoma *964 is to be applied in this case, I do not see how at any subsequent juncture in the analysis we can ignore what that law has to say as to whether the cause of action created by that law lies in contract or in tort. Statutes of limitations themselves may be procedural rules, see generally Etheredge v. Genie Indus., Inc., 632 So.2d 1324 (Ala.1994) (holding that, under Alabama law, the law of the forum applies to procedural matters and that, in most instances, the statute of limitations is considered to be a procedural rule), but the question of the nature of the claim to which those statutes must be applied is quintessentially substantive. Because I read the law of Oklahoma as creating the claims for indemnity in the present case as contract claims (specifically under the doctrine of quasi-contract), I must conclude that Alabama’s six-year statute of limitations under Ala.Code 1975, § 6-2-34(9), applies. Accordingly, I respectfully dissent.

"3The trial court relied on General Motors Corp. v. National Auto Radiator Manufacturing Co., 694 F.2d 1050, 1052-53 (6th Cir.1982) (‘Despite contention by GM that the place of the wrong for its contribution or indemnity claims is Michigan, it is clear that the place where the underlying personal injury occurred, which is Ontario in the present case, has been deemed the place of the wrong for choice-of-law purposes.’); Seitter v. Schoenfeld, 678 F.Supp. 831, 837-38, republished at 88 B.R. 343, 349-50 (D.Kan.1988) ('[I]n a claim for contribution, which "wrong” should the court look to in order to determine the choice of law? ... [Sjeveral authorities soundly reason that the court should look to the location of the original wrong for the applicable law.... The court will follow this rule, and look to the place of the original injury for its choice of law.’).”

. Even without the application of the above-discussed principles, we arguably would be bound to adhere to Oklahoma’s substantive law in evaluating the particular claim for indemnity made in the present case. CMI, the party that makes that claim, takes the position that it is making a claim under Oklahoma law and further appears to be correct in its position that Oklahoma law does provide to a party that stands in CMI’s position in relation to an event of the nature at issue occurring in Oklahoma a quasi-contract cause of action for indemnification.

. As I read them, most of, if not all, the cases cited in the main opinion beginning with the opinion’s citation of O’Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir.1992), and ending with Melia v. Zenhire, Inc., 462 Mass. 164, 175, 967 N.E.2d 580, 591 (2012), address only the initial characterization of the claim for purposes of applying the forum state's choice-of-law rules. Thus, for example, in a state such as Alabama that applies traditional lex loci contractus and lex loci delicti principles, these cases stand for the understandable proposition that one must employ the law of the forum in order to make an initial characterization of the claim as contract or tort in order to know whether to apply the principle of lex loci contractus or the principle of lex loci delicti. They do not specifically address the circumstance where the substantive law chosen under these choice-of-law rules differs from the law of the forum in regard to whether the cause of action is properly deemed one in contract or in tort for purposes of deciding which of the forum jurisdiction’s statutes of limitations should be applied. Indeed, my research has revealed that there are precious few such cases within the jurisprudence of any state in this country supporting either the position I take or that is taken in the main opinion. This, no doubt, is due to the fact that most causes of action will be viewed the same (either as an action in contract or as one in tort) in all states.

.Taking matters a step further, what if a cause of action created by the law of another state does not even exist under Alabama law (which in fact is true of some forms of indemnity and contribution)? How could we use Alabama law to override what the law of the state of origination of the cause has to say regarding its substantive nature as a cause lying in contract or in tort?