Rel: 07/03/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130053

_____

**Fleetwood Trucking Company, Inc.**

**v.**

**Cahaba Resources, LLC, and Crawford Enterprises, LLC**

_____

### 1130074

_____

**Cahaba Resources, LLC**

**v.**

**Fleetwood Trucking Company, Inc.**

**Appeals from Tuscaloosa Circuit Court
(CV-13-900811)**

MAIN, Justice.

1130053, 1130074

1130053 –– AFFIRMED.  NO OPINION.

See Rule 53(a)(1) and (a)(2)(F), Ala. R. App. P.

Stuart, Bolin, Parker, Shaw, Wise, and Bryan, JJ., concur.

Moore, C.J., concurs specially.

1130074 –– AFFIRMED.  NO OPINION.

See Rule 53(a)(1) and (a)(2)(F), Ala. R. App. P.

Moore, C.J., and Stuart, Bolin, Parker, Shaw, Wise, and Bryan, JJ., concur.

1130053, 1130074

MOORE, Chief Justice (concurring specially in case no. 1130053).

Fleetwood Trucking Company, Inc. ("Fleetwood"), sued Cahaba Resources, LLC ("Cahaba"), and Crawford Enterprises, LLC ("Crawford"), in the Tuscaloosa Circuit Court, seeking indemnity for black-lung benefits the United States Department of Labor ordered Fleetwood to pay a former employee under the Black Lung Benefits Act, 30 U.S.C. § 901 et seq. The Department of Labor's ruling is currently on appeal to the United States Court of Appeals for the Eleventh Circuit. The Tuscaloosa Circuit Court dismissed Fleetwood's action against Cahaba and Crawford, subsequent employers of the employee, on the ground that it lacked subject-matter jurisdiction over the indemnity claim. Fleetwood now appeals to this Court.

I concur in affirming the judgment of the Tuscaloosa Circuit Court. I write separately because I do not believe the Tuscaloosa Circuit Court lacked subject-matter jurisdiction over a common-law indemnity claim. Rather, the proper ground for the judgment for Cahaba and Crawford and against Fleetwood was Fleetwood's failure to state a claim upon which relief could be granted because its claims, given the procedural

3

posture of this case, are premature. See Rule 12(b)(6), Ala. R. Civ. P.

Alabama courts retain subject-matter jurisdiction over indemnity claims. Precision Gear Co. v. Continental Motors, Inc., 135 So. 3d 953, 960 (Ala. 2013)("Under Alabama law, an indemnity claim is a tort claim ...."); Amerada Hess Corp. v. Owens-Corning Fiberglass Corp., 627 So. 2d 367, 370 (Ala. 1993)(noting that "'indemnity should be granted in any factual situation in which, as between the parties themselves, it is just and fair that the indemnitor should bear the total responsibility, rather than leave it on the indemnitee'" (quoting Restatement (Second) of Torts § 886B (1977), cmt. c)). This Court has explained that subject-matter jurisdiction "concerns a court's power to decide certain types of cases." Ex parte Seymour, 946 So. 2d 536, 538 (Ala. 2006). Subject-matter jurisdiction refers to "[j]urisdiction over the nature of the case and the type of relief sought." Black's Law Dictionary 983 (10th ed. 2014)(emphasis added).

> "Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong. The principle of subject matter jurisdiction relates to a court's inherent authority to deal with the case

4

or matter before it. The term means not simply jurisdiction of the particular case then occupying the attention of the court but jurisdiction of the class of cases to which the particular case belongs."

21 C.J.S. Courts § 11 (2006). The Tuscaloosa Circuit Court had subject-matter jurisdiction over Fleetwood's claims asserting common-law indemnification even if it did not regard those claims as meritorious. Ex parte Safeway Ins. Co. of Alabama, [Ms. 1120439, October 4, 2013] ___ So. 3d ___, ___ (Ala. 2013)("There are ... no problems with subject-matter jurisdiction merely because a party files an action that ostensibly lacks a probability of merit."). Therefore, my concurrence should not be taken as upholding the Tuscaloosa Circuit Court's determination that it lacked subject-matter jurisdiction over Fleetwood's indemnity claims. I believe Fleetwood's action is premature because Fleetwood has appealed to the United States Court of Appeals for the Eleventh Circuit for relief from the Department of Labor's ruling that, if granted, would render the present indemnification action moot. Should the Court of Appeals rule against Fleetwood, Fleetwood's action for common-law indemnity would be viable.

1130053, 1130074

In light of the foregoing, I concur to affirm the judgment of the Tuscaloosa Circuit Court.